Worsham and wife vs. Freeman.

WORSHAM and wife vs. FREEMAN.

1. HOMESTEAD : *When asserted to avoid a mortgage, must be proved.*
   The allegations in the answer in a suit to foreclose a mortgage, of facts showing that the mortgaged premises were the homestead of the mortgagor at the time the mortgage was executed, are affirmative, and the *onus probandi* is upon the mortgagor.

2. DECREE : *Mortgagee not bound by, if not party to.*
   A divorce decree in a suit between the mortgagor and his wife, subsequent to the execution of the mortgage, assigning the mortgaged premises to the wife as alimony, does not affect the rights, or remove the lien, of the mortgagee, who was not a party to the suit.

3. MORTGAGE : *Execution of by wife must be acknowledged, etc.*
   If the wife of the mortgagor has such interest in the premises as makes it necessary for her to join him in the execution of the mortgage, her execution must be acknowledged by her, and the acknowledgment authenticated, as prescribed by the statute.

4. ACKNOWLEDGMENT : *Who may not take in another state.*
   A justice of the peace, or chairman of a county court of another state, can not take acknowledgments of mortgages of lands in Arkansas.

5. SAME : *How authenticated.*
   Such acknowledgments before a county court of another state, must be authenticated by the seal of the court.

6. PRACTICE : *Selling land for cash, error. Plaintiff must not sell.*
   . It is error in foreclosure suits, to direct land to be sold for cash; and bad practice to appoint the plaintiff commissioner to sell.

APPEAL from *Lee* Circuit Court in Chancery.

Hon. J. N. CYPERT, Circuit Judge.

*Thweatt and Hanly,* for appellants.

ENGLISH, C. J.    This was a bill to foreclose a mortgage, filed in the circuit court of Lee county, on the fifteenth of August, 1874.

It is probable that the suit was brought in the name of C. H. Banks, the mortgagee, for the use of W. D. Freeman, to whom the mortgage had been assigned as a collateral, but in the record entry of the final decree, Freeman seems to have been treated as the real plaintiff.

Wm. D. Worsham and wife, M. C. Worsham (appellants), were made defendants.

The bill alleges, in substance, that on the twenty-first of June, 1871, Worsham and wife executed to Banks a mortgage, by which they conveyed to him one house with one acre of land (house occupied at that time by J. E. Leary), with two store-houses, all in the southeast quarter of section fourteen, township two north, range three east, to secure the sum of $600, for cash and supplies advanced during the year 1871; and which mortgage is exhibited, and made part of the bill. That the amount of indebtedness which the mortgage was given to secure, after all just credits, was $545.65, as would appear by exhibit "B," made part of the complaint, and which had not been paid and was still due.

That on the fifteenth of May, 1874, Banks assigned the mortgage to Freeman, and he still held said claim and mortgage as such assignee, and the same remained due and unpaid.

Prayer for decree to sell the mortgaged property to pay the debt.

By the mortgage, Worsham and wife conveyed to Banks, with covenants of warranty, "the following described real estate: two store-houses and one residence, in the town of Mariana, in the county of Phillips and state of Arkansas;

the residence now occupied by Esquire Leary, including one acre of land upon which said houses and residence are situated, in the southeast quarter of section fourteen, in township two north, range three east."

After the conveyance of the property follows: "But this conveyance is made for the following uses and purposes, and none other, that is to say—the said W. B. Worsham is indebted to said C. H. Banks in the sum of $600, evidenced as follows, to-wit: Cash on account payable the first day of November, 1871, and being desirous to secure the same, this conveyance is made for that purpose; and if said W. B. Worsham shall, well and truly, pay off and discharge said indebtedness as the same may become due, then this conveyance shall be null and void, otherwise it shall remain in full force and effect."

The mortgage bears date the twenty-first of June, 1871. Its execution was acknowledged by W. B. Worsham on the next day, at Memphis, Tennessee, be.ore a commissioner of deeds for Arkansas.

Attached to it is also the following certificate of acknowledgment:

"STATE OF TENNESSEE, }
  Wilson county. }

"M. C. Worsham, wife of W. B. Worsham, having personally appeared before me, and having been examined privily and apart from her said husband, and she having acknowledged the due execution of the within mortgage by her, freely, voluntarily and understandingly, without compulsion or constraint by her said husband, and for the purposes therein expressed, the same is therefore certified. Witness my hand and seal, this seventh day of July, 1871.                     E. F. Ross,
              "J. P. and Chairman W. C. Court."

The acknowledgment of the wife is not otherwise authenticated.

Upon the mortgage is the following indorsement:

"I assign the within to W. D. Freeman as collateral, this May the fifteenth, 1874.                C. H. BANKS."

Exhibit "B," filed with and made part of the bill, follows:

MR. W. B. WORSHAM in account with C. H. BANKS.

| | | |
|---|---|---:|
| January 1, 1871. | To balance due......................... | $376 81 |
| January 1, 1871. | To interest on above to date...... | 79 13 |
| June 27, 1871. | To draft on Estes, Frizer & Pinson..................................... | 200 00 |
| June 27, 1871. | To advance commissions and interest on same...................... | 40 00 |
| April 29, 1871. | To cash per wife, $10.00 ; 30th, tobacco, 40 cents.................. | 10 40 |
| Novem. 9, 1871. | To shoestrings, 5 cents ; 2 yds. calico, 30 cents ; pipes, 10 cts.. | 45 |
| January 1, 1872. | To 4 shirts—2, $3.25 ; 2, $1.25... | 9 00 |
| January 4, 1872. | To 1 plug tobacco.................. | 40 |
| April 15, 1872. | To 2 bottles ink...................... | 20 |
| | To interest to date on $20.45..... | 1 80 |
| | | $718 22 |
| | Credits by rents............................... | 173 57 |
| | Balance due............................................ | $544 65 |

Defendant, W. B. Worsham, answered the bill, in substance, as follows:

Admits the execution of the mortgage filed with complaint, but denies that the consideration is correctly set out in the complaint or exhibit "B." Charges that upon a just settlement of accounts between plaintiff and him, he would not owe more than the sum of —— dollars.

Knew nothing of the assignment of the mortgage except from the indorsement thereon, and allegations of the bill.

Avers that at the time he executed the mortgage, said premises were and constituted his homestead and that of

his family, and had been set apart to him as such by his assignee in bankruptcy, as would appear by a transcript of the exemptions allowed him by said assignee, on the —— day of ———, 186— (the original being lost), therewith filed, marked exhibit "H." [There is no such exhibit in the transcript.]

That said homestead did not exceed 160 acres ; was not "any lot in any city, town or village, with the dwelling and appurtenance thereon exceeding the value of $5,000." That he was a resident of this state, and owned and occupied said homestead; that said obligation was not contracted for the purchase money of said premises, for the erection of improvements thereon, or labor performed for the owner thereof.

That said homestead has been set apart to his co-defendant, his former wife, as alimony, by the circuit court of Phillips county, and he now has no right, title nor interest in and to the same.

Demurs to the complaint, because it was not brought in the name of the real party in interest.

Mrs. Worsham also answered the bill in substance, as follows :

Denies that she executed the mortgage at the time alleged in the bill. Avers that she signed her name to it without a full understanding of her rights in the premises.

Did not know for what amount of indebtedness the mortgage was given, nor had she sufficient information upon which to form an opinion or belief, nor whether the same had ever been paid or was still due, and what amount, if any, was due,

Knew nothing of the assignment of the mortgage, except from the allegations of the bill, etc.

Denies that the mortgage was, or could have been, legally executed by her co-defendant and herself, jointly or severally, or that the same was a lien or incumbrance upon the premises, because she avers that at the time of the adoption of the constitution of 1868, and long previous thereto, up to and until the twenty-first day of June, 1871 (the date of the mortgage), defendant, with their minor child, continued to live upon, occupy and enjoy the dwelling house upon said tract of land as a homestead, and never abandoned the same as a homestead, and only left the same temporarily on a visit or business; that they had and claimed no other homestead; that the sum demanded in plaintiff's complaint was not for purchase money of said premises, etc., negativing the constitutional exceptions. That she and her minor child continued to reside upon and occupy the premises as a homestead from the twenty-first of June, 1871, to the time of the filing of the bill, etc.

That the circuit court of Phillips county, at the — term, 187—, in which county the premises were then situated, decreed the same to her as alimony and a home for her and her child, in a cause therein pending, in which she was plaintiff, and said W. B. Worsham was defendant. A certified copy of the decree is made an exhibit.

Demurs to the bill because the mortgage, which is made part of it, was not properly acknowledged by her, and said pretended acknowledgment was not properly authenticated, and was therefore void, etc.

The decree made an exhibit to Mrs. Worsham's answer, shows that she was divorced from her husband, and the premises covered by the mortgage decreed to her as alimony for life, remainder to her infant child, the decree describing the property as the homestead of the parties to that suit. The date of the decree is not shown.

Worsham and wife vs. Freeman.

The parties to this cause submitted it for hearing, the record states, on the bill, answers and exhibits. The decree recites that the bill was to foreclose a mortgage upon certain property, describing it, said mortgage being to secure the payment of $544.65, and then the entry proceeds thus: "It is therefore ordered, adjudged and decreed that, unless said sum of money be paid on or before the first day of July, 1875, the property mentioned in said mortgage shall be, by the said W. D. Freeman, sold to the highest and best bidder, for cash, after giving thirty days' notice of time and place of sale, and apply the proceeds to the satisfaction of the said sum of $544.65, and all the costs incurred herein."

The defendants obtained the allowance of an appeal by the clerk of this court.

I. The mortgage. upon its face, was *prima facie* evidence that W. D. Worsham was indebted to Banks, at the time it was executed, in the sum of $600, for cash, on account, payable on the first of November following, as recited in the mortgage. All of the items in exhibit "B," except the first, and the interest on it, bear date after the execution of the mortgage, some of which are for money and others for merchandise. If, in fact, the $600 was intended to cover existing indebtedness, the bill should have so alleged, and the items of the account should have been proven, if directly denied by the answer of Worsham.

II. The allegations in the answers that the premises covered by the mortgage were the homestead of W. D. Worsham, at the time the mortgage was executed, were affirmative, and the *onus probandi* was on appellant. They introduced no evidence at the hearing to prove the alleged facts constituting the homestead right; hence, this defense failed.

III. If W. D. Worsham was the owner of the premises at the time the mortgage was executed, as alleged in his answer, and the homestead character was not in fact impressed upon it, and existing at that time, the mortgage was valid as to him, its execution by him being regular, and the subsequent divorce decree, assigning the property to his wife as alimony, did not affect the right, or remove the lien, of the mortgagee, who was not a party to the divorce suit.

IV. If Mrs. Worsham was owner, or part owner, of the land, or had such interest in it as made it necessary to join her husband in the execution of the mortgage, to secure her husband's debt, its execution should have been acknowledged by her, and the acknowledgment authenticated, in the mode prescribed by the statute.   *Little, trustee, vs. Dodge, guardian, etc., 32 Ark., 453,* and cases cited.

The acknowledgment of Mrs. Worsham purports to have been by E. F. Ross, a justice of the peace, and chairman of the county court of Wilson county, Tennessee, and is not otherwise authenticated than by his signature.

When a conveyance is acknowledged out of this state, and within the United States, or their territories, it may be done *before any court* in the United States, or of any state or territory *having a seal,* or the clerk of any such court, or before the mayor of any city or town, or the chief officer of any city or town having a seal of office, or before any commissioner appointed by the governor of this state (*Gantt's Dig., sec. 841*), or before a notary public.   *Acts of 1874, p. 58.*

Ross had no power, as a justice of the peace, or as chairman of a county court of Tennessee, under the above statute, to take the acknowledgment.   If done before the county court, it should have been authenticated by the

seal of the court. *Little, trustee, v. Dodge, guardian, 32 Ark., p. 461; Blagg v. Hunter, 15 Ark., 246.*

V. The court erred in directing the land to be sold for cash. *Welch v. Hicks, 27 Ark., 292; Gantt's Dig., secs. 4705-8.*

VI. It was bad practice to appoint the plaintiff in the suit a commissioner to make the sale. A competent disinterested person should have been appointed. The master is usually appointed. *Gantt's Dig., secs. 998-9.*

The decree must be reversed, and the cause remanded for further proceedings.