Fry v. Street.

---

## FRY v. STREET.

1. PARTIES: *Bankrupt.*
   Bankrupts are neither necessary nor proper parties in suits concerning their effects which have passed to their assignee.
2. PLEADING: *Misjoinder of parties.*
   A misjoinder of defendants is not cause for a demurrer, but may be corrected by motion to strike out the party improperly joined.
3. CHANCERY PRACTICE: *Selling property for cash; Construction of decree.*
   A decree ordering real property to be sold, without saying on credit, means a sale for cash, and is therefore erroneous.

APPEAL from *Chicot* Circuit Court in Chancery.
Hon. T. F. SORRELLS, Circuit Judge.

STATEMENT.

On the eleventh of June, 1879, W. B. Street filed in the Circuit Court of Chicot county his complaint in equity against Reuben M. Fry, John M. Woodward and wife, Mary, and Cyrus W. Edmonds, assignee, alleging, in substance, that about the tenth day of May, 1873, he sold to the defendant, John M. Woodward, certain lots in Lake Village, describing them, and executed to him a deed for them, reserving a lien for the deferred payments, which were evidenced by two notes, each for the sum of $1000, payable respectively the first day of April, 1874, and 1875, and bearing ten per cent. interest from the fifteenth day of April, 1873, until paid. That afterwards, about the twenty-fourth day of June, 1873, the defendant, Fry, purchased the property from Woodward, and in such purchase assumed and agreed to pay punctually, at maturity, the two notes, as part of the consideration of his purchase; acknowledging and agreeing at the time of said purchase, that said notes were a lien upon the property; and that said Fry was then in possession of the property. That afterwards Fry paid $500 on the notes, but the balance was unpaid; that before the maturity of the notes the plaintiff deposited them with Martin & Hillsman, in Memphis, Tennessee, as security for supplies. When the notes matured he took them up and paid to Martin & Hillsman his bill for supplies, except a small amount, which he agreed to pay out of the proceeds of the notes when collected. Afterwards Martin & Hillsman became bankrupts, and the defendant, Edmonds, was their assignee in bankruptcy, but he had no interest in said notes, except as before stated. He does not know the amount of the balance due Martin & Hillsman, and asks that Edmonds, as such assignee, be made party defendant, and that he answer the complaint; and he prays that the

lien reserved in the deed to Woodward be enforced; that the equity of redemption be forever barred and foreclosed; that the property be sold to pay the notes, and for other proper relief.

The notes and deeds, as described in the complaint, are exhibited. The deed from Woodward and wife to Fry mentions the assumption and agreement of Fry to pay the notes to Street as part of the consideration for their conveyance; and also contains an express covenant of Fry to pay them at maturity, and is executed also by Fry.

Edmonds answered, admitting the facts stated in the complaint, and joining in the prayer for relief, and asking that the balance of the debt to Martin & Hillsman be paid out of the proceeds of the notes when collected.

Fry demurred to the complaint: 1st. Because Martin & Hillsman were not made party plaintiffs; 2nd. Because Edmonds was made party defendant; and 3rd. That the complaint did not state facts sufficient to constitute a cause of action. Woodward and wife made no answer. The demurrer was overruled, and Fry electing to stand upon it, a decree was rendered as prayed, ordering the property to be sold by a commissioner appointed by the Court, and directing the balance due from Street to Martin & Hillsman be paid to Edmonds, their assignee, out of the proceeds of the sale. Fry appealed.

*D. H. Reynolds*, for appellant:

It does not appear when the attorney *ad litem* was appointed. The decree was premature, as being rendered before Woodward and wife were brought in, so that their equities with Fry might be adjusted. See Sec. 4725 *Gantt's Digest*. No warning order was made on the complaint. *Ib.*, sec. 4527.

The decree was premature under Sec. 4664 (*Ib.*), as the

pleadings could not have been completed ninety days before beginning of term.

No terms of credit were fixed by the decree for the sale. *Ib.*, sec. 4708 ; *Welch* v. *Hicks*, 27 *Ark.*, 292.

*Dodge & Johnson*, for appellee :

Misjoinder of parties no ground for demurrer... *Oliphint* v. *Mansfield*, 36 *Ark.*, 191.

Martin & Hillsman being bankrupts, were not proper parties. *Rev. Stat. U. S.*, secs. 5044 *and* 5047 ; *Bump on Bankruptcy*, (10 *Ed.*) *p.* 143 ; also *p.* 542, *et sey.*

HARRISON, J. Whatever interest in the notes remained in Martin & Hillsman after they delivered them back to Street, if any, upon their bankruptcy passed to and vested in their assignee, Edmonds. *Rev. Stat. U. S.*, secs. 5044, 5047 ; *Geisreiter et al* v. *Sevier*, 33 *Ark.*, 522 ; *Pearce* v. *Foreman*, 29 *Ark.*, 563.

They were, therefore, neither necessary nor proper parties.

A misjoinder of defendants is not a ground of demurrer, and if Edmonds was not a proper party, his name might have been stricken out of the complaint upon motion. *Oliphint* v. *Mansfield & Co. et al*, 36 *Ark.*, 191.

As to the equity of the complaint, there can be no question ; and the ground of the demurrer, that the complaint did not state facts sufficient to constitute a cause of action, has not been insisted upon here.

A lien for the payment of the notes was reserved in the deed from the plaintiff to Woodward, and the appellant, in part consideration of his purchase of the lots from Woodward, agreed and undertook to pay them, and it was so expressly stipulated in Woodward's deed to him.

That part of the debt, when collected, was by the decree

directed to be paid over to Edmonds, no way concerned the appellant.

But though the plaintiff's right to a foreclosure of the lien is clear, it was an error in the Court below, in its decree, to direct a sale of the property for cash, as it virtually did, by not directing the sale to be on credit, and fixing the credit to be given.

The Statute says that sales of real property by order of Court, shall be on a credit of not less than three nor more than six months, or in installments equivalent to not more than four months' credit on the whole. *Sec.* 4708 *Gantt's Digest; Worsham and wife* v. *Freeman,* 34 *Ark.,* 35 ; *Williams et al* v. *Ewing & Fanning,* 31 *Ark.,* 292 ; *Welch* v. *Hicks,* 27 *Ark.,* 292.

For this error the decree must be reversed and the cause remanded to the Court below, with directions to render a decree for a foreclosure of the lien, and for a sale of the property on a credit, as required by the Statute.