## McGEHEE, as Trustee, et al v. McKenzie et al.

1. **MARRIED WOMAN :** *Deed : Acknowledgment.*
   The deed of a married woman executed prior to the adoption of the Constitution of 1874, and not acknowledged according to law is absolutely void.

2. **ACKNOWLFDGMENT :** *Curing Act of 1883.*
   The Act of 1883 curing defective acknowledgments, could not, in any case, interfere with rights of third parties vested at the time of its passage.

McGehee, as Trustee, et al v. McKenzie et al.

APPEAL from *Phillips* Circuit Court in Chancery.
Hon. M. T. SANDERS Circuit Judge.

*Tappan & Hornor* for appellant.

A deed defectively acknowledged conveys an equitable title. The Act of 1883, curing defective acknowledgments perfected the acknowledgment to the deed, and although executed to the firm of Mayfield & Myrick, it passed the title to be held in trust for the benefit of the firm. 3 *Snead, p.* 595; *Parsons on Part.*, 333; 4 *Heisk (Tenn.)* 506; 55 *Miss.*, 348; 19 *Vt.*, 615.

The sale by Mayfield of all the assets of the firm to Myrick, gave Myrick an equitable right to the whole of the lot. This sale was before the execution of the deed by Mayfield to Mrs. Myrick. 35 *Iowa*, 83.

Appellees bought with notice of appellants' rights; they took nothing by their quit claim from Porter and wife as they had already disposed of what interest they had.

*Stephenson & Trieber* for appellees.

1. The deed of a *feme covert* defectively acknowledged, executed prior to the adoption of the present Constitution is absolutely void at law and in equity. See cases from 15 *Ark.*, 531, to 39 *Ark.*, 531; 33 *Ark.*, 432.

2. The curing Act of 1883 could not cure deeds *absolutely void*. Nor can a legislature validate defective acknowledgments of a deed so as to affect the vested rights of parties. 12 *Iowa*, 389; 6 *Minn.*, 292; 25 *Tex.*, 408; 28 *Ib.*, 452.

EAKIN, J. This is an appeal from a decree of the Circuit Court in Chancery dismissing a bill after a demurrer had been sustained thereto, and the complainant had de-

clined to amend.   The only question is whether the bill makes a case for relief.

The material allegations show :   That Ann A. Porter, a married woman, and one of the defendants was, in 1873, the owner of a certain lot numbered 405 in that part of the city of Helena, called " Old Helena ;" that on the 14th day of January of that year she sold the same to Mayfield & Myrick, a business firm in that city.   A conveyance was drawn signed and delivered by herself and her husband, to which was attached a certificate of acknowledgment, conceded by the complainant to be defective under the law then in force, regulating the mode by which married women might convey their property, and that Myrick afterwards became the owner of all the assets of the firm.   That Myrick afterwards joined in the execution of a deed of trust including this property, to secure a debt due the firm of McGehee, Snowden & Violett of New Orleans, which deed was duly executed and acknowledged on the 6th of August, 1877, but not filed for record until the 4th day of January, 1878 ; that default having been made in the payment of the debt, the property was sold under the trust and purchased as trustee for others by complainant, who took as the nature and condition of the property would permit.   His deed bears date the 12th of April, 1879.   The action was begun on the 2nd of November 1882 against certain parties who are trustees of a church, and who also claim the land through *mesne* conveyances under the original sale and supposed conveyance from Ann A. Porter to Mayfield & Myrick.   It is asserted that in 1875, Myrick had induced Mayfield to make a conveyance of this lot to Mrs. Josephine Myrick, his wife, which deed was held up and not recorded, in order to induce McGehee, Snowden & Violett to accept the deed of trust, but afterwards recorded

before the deed of trust; and that afterwards Mrs. My-rick conveyed it to the trustees of the church who had full notice of complainants rights. Before the institution of this suit, the trustees obtained, without consideration, a deed of the lot from Ann A. Porter and her husband, which was duly acknowledged and recorded. They are made defendants.

It is the settled doctrine of this court that the deed of a married woman in this State, executed prior to the adoption of the Constitution, and not acknowledged in accordance with law, is absolutely void and of no effect.

Unlike the case of a man or *femme sole*, whose deeds convey *proprio vigore* so as to pass title without any acknowledgment whatever, except as to subsequent purchasers without notice, it is in the case of married women the *acknowledgment* which is the consummating and indispensable act of conveyance without which her deed is absolutely worthless. The statutory acknowledgment to divest the title of married women, was the substitute for the English common recovery. Without it not even an equity passes. The doctrine is as rigid in one court as another.

It is useless to discuss the comparative equities of complainant and the church as they would stand if Mrs. Porter had never conveyed to the latter. She did convey, and is herself a defendant. It may well be conceded that if she were acquiescing in her first attempted conveyance, and had given no vitality to the church claim, the trustees would not be allowed to enjoy the benefit of a fraud against the complainant's grantor, the trustee in the trust deed. But such is not the case. By her subsequent conveyance to the church she asserts a continuing claim to the land. She might freely give it away.

The Acts of 1883 curing defective acknowledgments,

Stone v. Stone et al.

had not been passed at the commencement of this suit and have no application. They could, in no case, have interfered with rights of third parties, vested at the time of their passage.

Complainant shows no right to the lot, in law or equity. Affirm.

STONE V. STONE ET AL.

1. MARRIED WOMAN : Her conveyance of separate property : Acknowledgment.
Since the adoption of the Constitution of 1874 a married woman can convey her separate property as a *femme sole* ; and in the acknowledgment of her deed no privy examination, nor disclaimer of compulsion or undue influence of her husband, is necessary. Her deed is good without acknowledgment as to all parties with notice of it.

2. PRACTICE IN CHANCERY : *All interested must be parties :*
Ordinarily, parties should see that all persons to be affected by the decree should be brought before the court ; and if they do not, the court should, of its own motion, direct them to be brought in.

APPEAL from *Saline* Circuit Court in Chancery.
Hon. J. M. SMITH, Circuit Judge.

*W. C. Ratcliffe*, for appellant.

The acknowledgment of the deed to Henderson was defective, and hence the deed was void. Chenault had *actual* notice that Mrs. Stone claimed the property. It was owned by appellant prior to her marriage, which was consummated in 1873, prior to the adoption of the Constitution of 1874, and was not such a separate estate as could be conveyed by her as a *femme sole*.