## MILLINGTON *v.* HILL.

Decided February 21, 1891.

1. *Judicial sale—Purchase by party—Subsequent reversal.*
   A purchase of land at a judicial sale by a party to the suit will be void if upon appeal the decree under which it is made is " vacated and set aside."

2. *Void judicial sale—Charges and credits.*
   One who has acquired possession of land under a void judicial sale, but having a valid lien thereon, will be charged with rents and profits accruing therefrom and credited with the value of such repairs made by him as were necessary to keep the property in the condition it was in when he took possession, and with taxes paid by him.

APPEAL from *Desha* Circuit Court in Chancery.

JOHN A. WILLIAMS, Judge.

Supplemental complaint to vacate a sale of lands under a decree which had been reversed. The facts are stated in the opinion.

*W. M. Randolph* and *Leland Leatherman* for appellant.

1. The court erred in not holding the sale void. The sale was on a credit of twelve months, a longer time than authorized by statute. Mansf. Dig., sec. 5171; 27 Ark.,

292 ; 31 id., 229, 236; 49 *id.*, 21.   A purchaser at his own
sale is not an innocent purchaser.   34 Ark., 85 ; 33 *id.*, 621.
The sale may be set aside or held void.   6 Ark., 425 ; 29.
*id.*, 307; 13 *id.*, 300; 18 Wall., 373 ; 14 Cal., 680; 13 Ill.,
486 ; 8 N. Y., 144 ; 1 Cow., 644.

2.   A subsequent reversal of the judgment or decree un-
der which plaintiff purchases defeats his title.   Freeman on
Judgments (4th ed.), secs. 482–3, and note ; 41 Mo., 416 ; 27
Iowa, 239 ; 61 Ala., 299.

3.   The former decree was *reversed*, and this invalidated.
the sale.

4.   The sale being void, or vacated by the reversal, Mrs.
Millington was entitled to charge Hill, Fontaine & Co. with
the rents and profits.   Mansf. Dig., sec. 1317 ; 36 Ark., 17 ;
9 Wallace, 605 ; 11 Paige, 66 ; 4 Lea, 710.

*J. E. Bigelow* for appellees.

The decree of this court only *modified* the decree of the
court below.   The decree below not being superseded, the
court below proceeded to execute the decree by selling the
lands, and approving the sale.   This decree, not being ap-
pealed from, became final after the lapse of the term.   36.
Ark., 513 ; 33 *id.*, 106; 14 *id.*, 203 ; 6 *id.*, 100.

HUGHES, J.   On a former appeal in this case by the ap-
pellant, Mrs. Wade Millington, the decision in which is re-
ported in 47 Ark., 301, under the style of *Millington* v. *Hill,.
Fontaine & Co.*, this court, on the 2d day of October, 1886,
affirmed the decree of the circuit court, with the modifica-
tion that the claim of W. B. Galbreath which had been.
allowed by the court below should be disallowed.

Upon the 23d of the same month, upon a motion for re-
consideration, the court adjudged and decreed that the claim
of B. F. Grace, as administrator of the estate of Seth W..
Bolton deceased, be disallowed, and "that the decree of
this court in this cause, rendered on the 2d day of October,
1886, be and the same is hereby vacated and set aside;"
and the judgment further proceeded:   "It is the opinion of

the court that there is error in the proceedings and decree of said court in chancery in this cause ; that said circuit court erred in condemning the land to be sold on twelve months credit, and also in allowing the claims of W. B, Galbreath and B. F. Grace, as administrator of the estate of Seth W. Bolton deceased ; but that in other respects said decree is correct.    It is therefore ordered and decreed that the said decree of the circuit court in chancery in this cause rendered be and the same is hereby, for the error aforesaid, reversed, annulled and set aside with costs, and that this cause be remanded to said circuit court in chancery, with directions to modify the decree by disallowing the claims of W. B. Galbreath and B. F. Grace, as administrator of the estate of Seth W. Bolton deceased, and for further proceedings consistent with the opinion herein delivered."

Pending the cause on appeal in this court, the lands condemned were sold under the decree of the circuit court (which was not superseded) and were purchased by Hill, Fontaine & Co., the appellees in that case and in this also. The sale was reported to the court and confirmed.

On the 5th of February, 1889, Mrs. Millington filed in the circuit court an amended and supplemental complaint, setting up the reversal of the judgment, the sale and purchase pending the appeal, and asking that the sale and deed thereunder to appellees, Hill, Fontaine & Co., be set aside and annulled, and that they be charged with rents, and that the rents be credited on their debt, which was a lien upon the lands; and that a master and receiver be appointed, etc.    The circuit court found that the decree approving and confirming the sale and deed had not been appealed from and remained in full force and virtue, and denied the motion by appellant to set aside the same, and disallowed the claims of Galbreath and Grace, as administrator. The court then proceeded to decree distribution of the proceeds of the sale of the lands, which had been retained by Hill, Fontaine & Co. Mrs. Millington appealed to this court.

S C—16

It is contended that the judgment of this court, in the cause on the first appeal was not a judgment of reversal, but of modification only. The language of the decree does not warrant such a conclusion. This court found that the court below erred in ordering the lands sold on twelve months credit. Besides this, it found that there was error in allowing the claim of W. B. Galbreath, which was a large one, to enforce payment of which the original bill in this cause was filed. This claim, before decree in the circuit court, had been transferred, pending the suit, to Hill, Fontaine & Co., the appellees. By the decree of the circuit court in chancery this claim was declared to be a lien upon the lands, which were condemned to be sold to satisfy it, with the other claims, in the order of priority. Said decree on the first appeal was a decree of reversal, which annulled and rendered of no effect the decree of the Desha circuit court in chancery and the proceedings thereunder, including the sale and conveyance of the lands to appellees.

2. Charges
and credits.
The decree in this cause, rendered in the Desha circuit court in chancery, is reversed, and the cause is remanded, with directions to said court to render a decree for the appellant, Mrs. Millington ; to charge appellees, Hill, Fontaine & Co., with the rents and profits of the lands, and to credit them with the value of repairs made by them necessary to keep the property in such condition as it was in when they took charge, and with taxes paid by them upon the lands ; and that the net rents be credited upon the debt of Hill, Fontaine & Co., as of the date of their maturity, and that the lands be sold according to law to satisfy any balance due the appellees upon their decree.