## FARNSWORTH v. HOOVER.

### Opinion delivered April 15, 1899.

1. HOMESTEAD—MORTGAGE—NON-JOINDER BY WIFE.—A mortgage on land executed to secure money advanced to the mortgagor to pay for the land is valid although the mortgagor's wife failed to join in its execution, being within the exception in Sand. & H. Dig. § 3713, providing that "no conveyance, mortgage or other instrument affecting the homestead of any married man shall be of any validity, except for * * * the purchase money, unless his wife joins in the execution of such instrument and acknowledges the same." (Page 373.)

2.  MORTGAGE—FORECLOSURE.—Where each of the notes secured by a
    mortgage provided that "on failure to pay interest thirty days after due
    the holder may collect principal and interest. at once," it was not
    necessary for the mortgage also to contain a condition making the
    whole debt due upon failure to pay any installment of interest, in order
    to justify foreclosure for the entire debt in case of such failure. (Page
    374.)

3.  ELECTION—LACHES.—Delay of nine months by a mortgagee in making
    his election to declare the mortgage due after default in the payment of
    interest is not unreasonable. (Page 375.)

4.  JUDICIAL SALES—PLACE.—Sand. & H. Dig. §§ 3095, 3096, fixing the
    place of sale of real property upon execution or by virtue of a judg-
    ment or order of sale, refer to sales made by the sheriff of real prop-
    erty upon execution issued by the clerk, not to sales made by the court
    through its commissioner, as in case of mortgage foreclosures. (Page
    375.)

5.  SAME—NOTICE.—The fact that a commissioner's sale of real property
    was made upon a notice of nineteen days only, instead of twenty, is an
    irregularity which is cured by a confirmation of the sale. (Page 376.)

Appeal from Benton Circuit Court.

EDWARD S. MCDANIEL, Judge.

### STATEMENT BY THE COURT.

This is a suit in equity by appellees to foreclose a mort-
gage executed by appellant in favor of appellees. On August
23, 1890, one Daily and wife owned the land in controversy,
and executed a mortgage thereon to secure a note given by them
to the Lombard Investment Co. for a $500 loan. This note
was due in five years, and up to maturity bore interest at six
per cent. per annum; after maturity or default in any of the
conditions of the note or mortgage, at ten per cent. per annum.

On November 12, 1892, Daily and wife sold the land to
one Donaldson for $1,800, "subject to the $500 mortgage in
favor of the Lombard Investment Co." That amount was de-
ducted from the purchase price, and Donaldson assumed the
Lombard mortgage. On December 21, 1892, Donaldson exe-
cuted a mortgage on the property to Hoover Bros. for $726,
subject to the Lombard mortgage.

In April, 1893, A. Farnsworth (appellant herein) pur-
chased the land from Donaldson for $2,000, paying $800 in
cash; executing his note to Donaldson, due September 1, 1895

bearing interest at ten per cent, and agreeing to make payments by which Donaldson could meet the interest coupons on the Lombard note. Donaldson gave Farnsworth a bond for title, it being understood that Donaldson should pay off the mortgage as Farnsworth made his payments, and, when the note was paid, make him a clear title. In the summer of 1894, Donaldson, learning that Farnsworth would be unable to pay his note at maturity, and not feeling able to give him further time, assisted Farnsworth in negotiating a contract with Hoover & Bro. (appellees), to which Donaldson and Farnsworth were both parties. By this contract Hoover & Bro. undertook to buy up the Lombard mortgage. Donaldson and wife were to execute a warranty deed to Farnsworth, surrender his $1,200 note, and take up the bond for title; and Farnsworth was to execute anew his notes to Hoover & Bro. for the aggregate amount of the Donaldson and Lombard mortgages running from two to five years, bearing interest at ten per cent. Farnsworth and wife were to execute a new mortgage to secure these notes, and the old ones were to be surrendered and satisfied. Hoover & Bro. bought the Lombard mortgage for $553. In December, 1894, the matter was closed up, a man by the name of Nance being employed by Hoover & Bro. to make the necessary calculations and draw up the papers.

The aggregate amount was obtained by adding to the amount due on the Donaldson note to Hoover & Bro. the amount paid by Hoover for the Lombard mortgage, with six per cent. interest thereon from date of payment. This aggregate amount was $1,289.30. On December 6, 1894, Farnsworth gave four notes, with interest coupons attached—one for $389.30, due December 31, 1896, and three for $300 each, due December 31, 1897, 1898 and 1899, respectively, and each bearing ten per cent. interest per annum from date until paid, payable annually according to interest coupons attached.

Every coupon was for the exact amount of one year's interest at ten per cent., except the first, which was for $42.60, instead of $38.93. Each note provided that unpaid interest should bear interest at ten per cent. per annum, and that, on failure to pay interest within thirty days after due, the holder

might collect principal and interest at once. At the time these notes were executed, pursuant to the contracts, Donaldson and wife conveyed the land to Farnsworth, and surrendered his notes. Farnsworth and wife then executed the mortgage in suit to secure said notes. Mrs. Farnsworth did not join her husband in the granting clause of this mortgage, nor did she release her homestead in the body of the mortgage, nor did she acknowledge the execution of same, and in the acknowledgment release and relinquish her homestead rights in this land. At the time she and her husband executed the mortgage, they resided on said land as their homestead. The power of sale in the mortgage required the sale to be made at Siloam Springs, Benton county, Arkansas.

When the first interest coupons became due, Farnsworth failed to pay them, and, after some correspondence, suit was brought. Before the institution of suit, Farnsworth was notified by appellees that they elected to declare the whole debt due. This suit was filed in equity by appellees September 11, 1896, to foreclose the mortgage, asking judgment for the full amount of the notes.

Appellants answered, setting up usury, that the mortgage was void under the homestead act, that no foreclosure could be had until all the debts were due, and that the mortgage was a cloud on their title.

Appellees filed an amendment to complaint, denying usury and setting out the facts beginning with the ownership of Daily and extending to the execution of the mortgage. They also alleged that the notes and mortgage were for purchase money, and therefore they ask to be subrogated to the right of the original lien holders, in the event their mortgage be held invalid.

Appellants answered, setting up usury in the Lombard loan, denying the other allegations, and claiming that the final transaction was a new loan from Hoover & Bro. to Farnsworth.

The court found that the mortgage from Farnsworth and wife was invalid; that there was an excess of interest in the first coupon, which was the result of some error in calculation; that there was no intention to charge or to pay more than lawful interest; that the Lombard note and mortgage were valid

and free from usury; that the amount thereof was deducted from the purchase money when Donaldson bought the land from Daily, and that Donaldson verbally agreed to pay the same, that appellees purchased the Lombard debt at request of Farnsworth; that the notes sued on were the aggregate amount of the Donaldson note to Hoover & Bro., and the amount paid by Hoover & Bro. for the Lombard debt; that the same amount was due on these latter notes as on the notes sued on, $1,590.13; that the consideration for the execution of the warranty deed by Donaldson to Farnsworth, and the surrender of the purchase-money note of $1,200 to Farnsworth, and the attempted cancellation of the Donaldson and Lombard mortgages, was the execution of the notes and mortgages sued on, and that appellants intended to execute a valid mortgage, and appellees supposed they were, receiving a valid mortgage; that Farnsworth had in fact paid only $800 of the purchase money for the land; that the prior valid liens were not discharged by the execution of the invalid mortgage; and that appellees were entitled to a foreclosure of such liens, and to judgment for their debt.

Judgment was given against A. Farnsworth for $1,590.13 and costs of suit, and a lien was declared and fixed upon the land, and a commissioner appointed to sell the same, in default of payment in twenty days. The sale was ordered to be made at the front door of the postoffice in Siloam Springs, on a credit of three months, upon notice as in execution sales of real estate.

The appellants excepted to the findings, orders and decree of the court, and prayed an appeal.

On October 4, 1897, the commissioner filed his report, showing appraisal of lands at $2,000 and sale to appellees for $1,690. Appellant excepted to the confirmation of report, on the ground that the full twenty days' notice of sale had not been given, and that the sale was not at the court house door. These exceptions were overruled, and the sale confirmed. Appellants appealed from this.

*E. P. Watson*, for appellants.

The notes sued on are usurious. Pingrey, Mort. §§ 792,

793; 108 Ill. 633.   Appellant is not estopped to plead usury in the Lombard mortgage.   55 Ark. 318; 53 Ark. 345.   In the absence of authority in the mortgage, on a partial default foreclosure for the whole amount was error.   ·8 Am. & Eng. Enc. Law, 192.   The reservation of the right in the notes was not sufficient.   58 Cal. 6; 8 Blackf. 465; 1 Bibb, 149; 1 Paige, 450.   Notice of an election must be given within a reasonable time.   8 Am. & Eng. Enc. Law, 192, 193, and note 1.   A wife must join her husband, to convey the homestead.   Thomp. Hom. §§ 170–172;  Jones, Mort. §§ 947–949;  15 Wis. 666; 72 Ill. 562.   The sale was invalid because not made at the place prescribed by the statute.   Sand. & H. Dig. § 3096; Ro rer, Jud. Sales, § 103; 23 Ark. 39.   Further, because the required length of notice was not given.   Sand. & H. Dig. § 3095; 33 Ark. 621; 34 Ark. 85

*L. H. McGill,* for appellees.

The note and mortgage are to be construed together, and the authority in the notes to declare the whole debt due on any default is sufficient.   Jones, Mortg. §§ '70–76, 349–354, 1179.   A mere error in calculating interest does not constitute usury.   63 Ark. 225; 62 Ark. 370; 27 Am. & Eng. Enc. Law, 970–1.   Interest may be deducted in advance for a year.   60 Ark. 288; 27 Am. & Eng. Enc. Law, 991; 31 Ill. 490; 40 Oh. St. 248; S. C. 48 Am. Rep. 68; 46 Am. St. Rep. 171.   Appellant cannot plead usury in the Lombard mortgage.   27 Am. & Eng. Enc. Law, 952; 47 N. J. Eq. 396; 46 S. W. 92; *ib.* 370; 2 Jones, Mort. §§ 1494–5; 20 Am. Rep. 756; 32 Ark. 346; 61 Ark. 329; 27 Am. & Eng. Enc. Law, 956; 42 Ark. 600.   When the execution of the deed to the land and the mortgage for the purchase money are simultaneous, homestead rights do not avail against the mortgage.   Thomps. Hom. §§ 330, 348; 1 Freeman, Ex. 249*f*; 9 Am. & Eng. Enc. Law, 471; Sand. &. H. Dig. § 3713.   In sales under foreclosure, etc., the court is not restricted by the statute prescribing the time, place and notice of sales.   Sand. & H. Dig. §§ 5856–9.   The requirement as to selling at the court house door is directory.   34 Ark. 399; 38 Ark. 571; 51 Ark. 84.

WOOD, J., (after stating the facts.) We deem it unnecessary to set out in detail, and to discuss at length, the evidence upon which the court below based its findings. We are of the opinion that the findings of fact embraced in the court's decree are supported by the evidence. We are safe in saying that they are not clearly against the weight of evidence. Therefore the court's findings of fact will be sustained. Did the court err in its rulings upon any of the questions of law?

1. The court found that the mortgage from Farnsworth and wife was invalid. Sand. & H. Dig. § 3713, provides: "No conveyance, mortgage or other instrument affecting the homestead of any married man shall be of any validity, except for taxes, laborer's and mechanics' liens, and the purchase money, unless his wife joins in the execution of such instrument, and acknowledges the same." The contract between Donaldson, Farnsworth and Hoover & Bro., by which Donaldson and wife were to execute a warranty deed to Farnsworth, and Farnsworth was to execute his notes to Hoover & Bro. for the aggregate amount of the Donaldson and Lombard mortgages held by Hoover & Bro., as set forth in the statement of facts, however circuitous the method, was tantamount to an advancement by Hoover & Bro. to Farnsworth of the purchase money to the amount of these mortgages. For, according to the agreement, it was only by paying off these mortgages that Farnsworth was to get his warranty deed from Donaldson to the land. The execution of the mortgage from Farnsworth to W. G. Hoover & Bro. to secure the amount of these mortgages, simultaneously with the execution of the deed from Donaldson to Farnsworth, was, in reality, nothing more nor less, in effect, than a mortgage to secure the purchase money. It was, in legal·effect, the same as if Hoover & Bro. had taken the deed to themselves from Donaldson, and then conveyed the land to Farnsworth, and taken a mortgage back to secure the amount of the Donaldson and Lombard mortgages, which represented the purchase price Farnsworth was to pay for the land. "A homestead exemption," says Mr. Jones, "cannot be set up against a mortgage to secure money borrowed with which to pay the purchase price, when such mortgage is executed simultaneously with the deed of purchase." 1 Jones, Mort. § 468.

The mortgage in controversy comes within the exception, "purchase money," named in the statute. The court therefore erred in declaring it invalid because Mrs. Farnsworth had not executed and acknowledged it in the manner required by the statute in other cases. This error, however, was not prejudicial, for the court granted appellees the same relief that it should have granted by enforcing the Farnsworth mortgage.

This court will not reverse except for prejudicial errors, and, although there was no cross-appeal by appellee on the ruling of the court holding the mortgage invalid, the appeal from its ruling enforcing the Lombard and Donaldson mortgages raises the question here as to what decree the court should have rendered; and, in that view, it is proper to pass on the validity of the Farnsworth mortgage.

2.  Was the suit to foreclose for the entire mortgage debt premature? Each of the notes for the principal contained this condition: "On failure to pay interest thirty days after due, the holder may collect principal and interest at once." The mortgage contained the following: "This sale on condition that, whereas I am justly indebted unto the said W. G. Hoover & Bro. in the sum of twelve hundred eighty-nine and 80-100 dollars, evidenced by one promissory note of three hundred eighty-nine and 30-100 dollars, due December 31, 1896, and drawing interest at the rate of ten per cent. per annum from December 31, 1894, as shown by coupons attached; also three promissory notes of three hundred dollars each, due December 31, 1897, and December 31, 1898, and December 31, 1899, respectively, and drawing interest at the rate of ten per cent. per annum from December 31, 1894, as shown by coupons attached and all of even date herewith. * * * Now, if I shall pay said moneys *at the time and in the manner aforesaid,* then the above conveyance shall be null and void," etc. The mortgage sufficiently identifies the notes, evidencing the debt which it was given to secure. The mortgage being only a security or incident to the debt, it was not necessary for it also to contain a condition making the whole debt due upon failure to pay any installment of interest, in order to justify foreclosure for the entire debt. It was sufficient that the notes contained such a provision. The notes and mortgage were executed at

same time, and in relation to the same subject, as parts of one transaction constituting one contract.   1 Jones, Mort. §§ 71, 76, 349, 354; *Fletcher* v. *Daugherty*, 13 Neb. 224.

In the cases cited to support the opposite view, neither the note nor mortgage contained such a provision as that in the notes sued on herein.   In the absence of such a clause in either the note or mortgage, there would, to be sure, be no authority to declare the whole debt due.

We do not find any waiver of the right to declare the principal due.   An indulgence for a period of nine months, especially while the parties were conferring about the matter, certainly would not be an unreasonable length of time to wait before declaring an election to foreclose for the entire amount of the mortgage debt.

3.   Was the sale illegal?   It is insisted that it should have been made at the court house door, and upon twenty days' notice, according to the requirements of sections 3095 and 3096 of Sand. & H. Dig.   Those sections are as follows:   "Sec. 3095. The time and place of sale of real property upon execution, or by virtue of a judgment or order of sale, must be advertised for at least twenty days next before the day of sale, by posting printed advertisements at the court house door and five other public places in the county in which the sale is to be made, one of which is to be upon the premises to be sold," etc.   "Sec. 3096. The sale of real estate shall be made at the court house door, unless, at the request of the defendant who owns the land, the officer shall appoint the sale upon the premises."

These sections refer to sales made by the officer of real estate upon execution issued by the clerk on a judgment or order of sale, and where the time, place and notice to be given are not fixed specifically by the judgment.   The latter section shows clearly that this statute is not intended to apply to sales made by the court through its own special agent or commissioner for that purpose, as in case of mortgage foreclosures; for, if the court's order in a decree of foreclosure directed the sale made at a certain place, the officer would have no right to change it at the request or behest of the defendant, as is contemplated by section 3096, *supra*.   Sand. & H. Dig. §§ 5856–5860, concerning mortgage foreclosures and sales thereunder,

nowhere prescribe the time, place and notice to be given in such sales. These are left entirely in the discretion of the court, which must be presumed to arrange for the most advantageous sale possible. See *Sessions* v. *Peay*, 23 Ark. 39.

The report of the commissioner who made the sale shows that it was made at the place designated by the decree of the court. The chancellor found that the only irregularity in the sale was that the notice of sale had been posted on the premises to be sold nineteen days before the day of sale. The decree required that the notice should be posted twenty days. The court further found "that the failure on the part of the commissioner to post the notices twenty days before the sale was not intentional;" that the defendants had actual knowledge that such notice was posted upon the premises, and made no objection to the sale until the filing of the exceptions; that no evidence has been submitted to show that any injury resulted to defendants by reason of such irregularities." If posting on the premises the full twenty days according to the order of the court was an imperious requirement of the law, no proof or finding that no injury resulted would cure the irregularity. But such is not the case. The sale being made under the court's supervision, it was within its sound discretion to confirm or reject according to the justice of the case. And, as the irregularity of posting under all the circumstances might well be considered *de minimis*, the court did right to confirm the sale.

Finding no prejudicial errors, the decree of Benton chancery court is affirmed, and the cause is remanded, with directions for such other and further proceedings by such court as may be necessary to enforce them.