LANZER v. BUTT.

Opinion delivered November 11, 1907.

1.  DEEDS—ACKNOWLEDGMENT BY MARRIED WOMAN.—A married woman's deed conveying her land must be acknowledged in the manner prescribed by law in order to carry title. (Page 337.)

2.  SAME—AUTHORITY OF FOREIGN JUSTICE OF PEACE TO TAKE ACKNOWLEDGMENTS.—A justice of the peace in another State was not impowered in 1870 to take acknowledgments to deeds of land in this State. (Page 338.)

3.  SAME—CURATIVE ACT.—The act of April 1, 1885, validating prior deeds having defective acknowledgments, cured a prior married woman's deed which had been acknowledged before a justice of the peace in another State. (Page 338.)

4. SAME—EFFECT OF CURATIVE ACT.—Statutes curing defective acknowledgments of deeds are as much operative against the heirs of the grantors therein as against the grantors themselves. (Page 339.)

Appeal from Mississippi Circuit Court; *Allen Hughes,* Special Judge; affirmed.

### STATEMENT BY THE COURT.

This is an action of ejectment, brought by Mary C. Lanzer, Elizabeth Stovall and John J. Ledbetter against Kate Butt to recover possession of the S. W. qr. sec. 22, T. 15, R. 12 E., in Mississippi County, Arkansas. Plaintiffs Mary C. Lanzer and Elizabeth Stovall claim title through their mother, Mary C. Garrison. Ledbetter deraigns title to an undivided one-half (1-2) interest from Mrs. Lanzer and Stovall by deeds.

Mary A. Garrison (mother of Mrs. Lanzer and Stovall) died in 1878, leaving surviving her Mrs. Lanzer, Mrs. Stovall and J. D. Garrison, her husband. Defendant, in her answer, admits Mary A. Garrison as having been the owner of the said land, and claims title through common source with plaintiffs, *i. e.,* through Mary A. Garrison, filing as "Exhibit A" to her answer a copy of a warranty deed from Mary A. Garrison and J. D. Garrison, her husband, to J. W. Martin, dated June 17, 1870, for the land in controversy.

Plaintiffs replied, excepting to the deed set out in "Exhibit A" to defendant's answer as a muniment of title for defendant for the reason that what purported to be the acknowledgment of Mary A. Garrison was taken by an officer not authorized, under the law then in force, to take the acknowledgment to deeds, towit, a justice of the peace in the State of Tennessee. Plaintiffs' exceptions were overruled by the court, the court holding that the curative acts of the Legislature subsequently passed cured said acknowledgment.

· The cause was then submitted to the court sitting as a jury upon the pleading and documentary proof, plaintiffs admitting in open court that defendant owned whatever title J. W. Martin took under deed so defectively acknowledged. Whereupon the court rendered judgment for defendant, Katie Butt.

Plaintiffs filed their motion for new trial and to set aside the order overruling plaintiffs' exceptions to the deed of Mary

A. Garrison to James W. Martin, which motion was by the court overruled, and plaintiffs appealed to this court. ·

*Appellants pro se.*

1. At the time the deed was executed, a married woman, in order to convey title to real estate, must have acknowledged the execution of the deed before the proper officer and as prescribed by the law then in force. 43 Ark. 156; 15 Ark. 531; 39 Ark. 531; 33 Ark. 432.

2. A justice of the peace was not authorized to take acknowledgments. Rev. Stat. Ark. § 840; 34 Ark. 55.

3. Curative acts are not effective where, under the law, acknowledgment is necessary to pass title, but only in that class of cases where the acknowledgment is necessary only for the purpose of authentication. 46 Mo. 483; 43 Ark. 156. Nor do they affect rights vested prior to their passage. 48 Ark. 117; 62 Ark. 431; 6 Am. & Eng. Enc. of Law (2 Ed.), 956, note 4; *Id.* 955, note 2; 1 *Id.* 568, note 1.

4. Privies in blood are not estopped in this case, since the mother would not have been estopped. 34 N. Y. Sup. 836; 88 Hun, 422.

*W. J. Lamb,* for appellees.

If there is any defect in the acknowledgment, it is cured by the curative act approved April 1, 1885. Kirby's Digest, § 776; 43 Ark. 420; 44 Ark. 365; 45 Ark. 341; 47 Ark. 414; 50 Ark. 294. Such acts cure any defect which is within the power of the Legislature. Cases *supra.* And are valid against the owner or his heirs, even though they would not affect the title of a subsequent *bona fide* purchaser. 8 Cyc. 899. And the heirs of Mrs. Garrison have no greater rights than she had. See also 105 Fed. 293; 1 Kent. 456; 53 Ala. 54; 6 Am. & Eng. Enc. of Law (2 Ed.), 939.

Wood, J., (after stating the facts.) The law concerning the conveyance of the real estate of married women at the time the deed in controversy was executed is as follows:

"A married woman may convey her real estate, or any part thereof, by deed of conveyance executed by herself and her husband, and acknowledged and certified in the manner hereinafter prescribed.

"The conveyance of any real estate by any married woman, or the relinquishment of dower in any of her husband's real estate, shall be authenticated and the title passed by such married woman voluntarily appearing before the proper court or officer and, in the absence of her husband, declaring that she had of her own free will executed the deed or instrument in question," etc. Revised Statutes, c. 3, § § 10, 21.

The acknowledgment of a married woman's deed in the manner prescribed by law was essential to carry the title at the time this deed was executed. At that time a justice of the peace of Tennessee had no power to take acknowledgment to deeds of land in this State. *Worsham* v. *Freeman,* 34 Ark. 55. The deed was therefore void by reason of the defective acknowledgment. It did not convey any title, legal or equitable, to the grantee. *Worsham* v. *Freeman,* 34 Ark. 55; *McGehee* v. *McKenzie,* 43 Ark. 156.

Was this defective acknowledgment cured by the act of April 1, 1885? That act is as follows: "All deeds and other conveyances recorded prior to the first day of March, 1885, purporting to have been acknowledged before any officer, and which have not heretofore been invalidated by any judicial proceedings, shall be held valid to pass the estate which such conveyance purports to transfer, although such acknowledgment may have been on any account defective (excepting only cases where such conveyance shall have been executed by minors and insane persons.) Provided the records of all such instruments shall be as valid as if they had been acknowledged according to law." Kirby's Digest, § 776.

The Constitution of 1868, in force at the time of the execution of the deed in controversy, did not prescribe any mode for the conveyance of the property of a married woman. The Legislature was left free to adopt any method it saw proper upon the subject. It had the power to change the law then in force or to allow it to continue. In *Cupp* v. *Welch,* 50 Ark. 294-299, we said concerning an acknowledgment: "It is only necessary because required by act of the Legislature. The Legislature, having the power to dispense with it or to prescribe the mode of acknowledgment, could by subsequent statute make the acknowledgment and record of the deed in question as valid

as if it had been acknowledged and recorded according to law, and make it *prima facie* valid to pass the estate it purports to transfer, and make it *prima facie* evidence of its recitals and the regularity and legality of the sale made by the administrator; and, having the power, has done so. *Sidway* v. *Lawson,* 63 Ark. 117.

It is undoubtedly true therefore that, if Mrs. Garrison had been living at the time of the passage of the curative acts 1883 or 1885, her deed, although void to convey her title up to that time, would have been validated by those statutes and made effectual, as against her, to convey the land in controversy as of the date when the deed was executed. Mrs. Garrison having died without making any other conveyance of the land before these curative statutes were passed, the question now is, can these statutes cure her void deed, and "breathe into it the breath of life" as against her heirs?

We have heretofore held that where the grantor, whose deed was ineffectual to convey title by reason of defective acknowledgment, again conveyed the same to a third party before the subsequent curative statute was passed, such latter conveyance was good, notwithstanding the subsequent curative statute, as against the original grantee in the defective deed of mortgage. *Shattuck* v. *Byford,* 62 Ark. 431. See also *Sidway* v. *Lawson,* 58 Ark. 117, and *McGehee* v. *McKenzie,* 43 Ark. 156. This is quite as far as we are willing to go in allowing the doctrine of "vested rights" to be invoked against curative statutes. Certainly, it can not be applied against the grantee in the original defective deed by those who are privy with the grantor in the obligations and warranties of the very deed which they seek to overcome.

Heirs are privies in blood and estate with the grantor. By the express terms of the deed, Mrs. Garrison, the grantor, contracts that her heirs "shall warrant and defend the same unto the party of the second part, his heirs and assigns, forever." The children of Mrs. Garrison can no more defeat the operation of the curative statute to cure the defective conveyance than could Mrs. Garrison herself, if she were living. Why? Because at her death they only succeeded to her rights in the land, and they had precisely the same estate in it which she had.

What estate did she have in it that she could assert against appellee after the passage of a curative statute? None whatever. Neither did they acquire any which they could assert against the appellee after the passage of the curative statutes. True, until the passage of the curative statutes curing the void deed, Mrs. Garrison, had she lived, would have had the fee simple estate. *McGehee* v. *McKenzie, supra.* And her children after her death had the same estate. Had she conveyed to a purchaser, her grantee could have asserted a vested right as against the grantee in the original defective conveyance because at that time the statute curing and making effectual such conveyance had not been passed. Likewise, her children, after her death, until the passage of the curative statute, had an estate which they could alien to a third party, and which such party could assert as a vested right against the operation of a subsequent curative statute. But their deeds to Ledbetter were executed after the curative statutes were passed.

A different doctrine in favor of the heirs in this case would be contrary to the spirit in which the curative statutes should be viewed and construed. "There are other statutes," says Judge Kent, "which, when operating retrospectively, have not incurred judicial condemnation, and to which a liberal construction for the consummation of the just and beneficient purposes in view, has been freely accorded. Such statutes are intended to remedy a mischief, promote public justice, correct innocent mistake into which parties may have fallen, cure irregularities or give effect to the acts and contracts of individuals fairly done and made. These are remedial statutes, conducive alike to individual and public good." See *Evans-Snider-Buel Co.* v. *McFadden,* 105 Fed. 293. Also Ex parte *Buckley,* 53 Ala. 54; 6 Am. & Eng. Enc. Law (2 Ed.), 939.

Judgment affirmed.