TURNER *v.* IRONSIDE.

4-7500                                    184 S. W. 2d 810

Opinion delivered January 15, 1945.

*Gordon Armitage,* for appellant.

*W. D. Davenport,* for appellee.

Smith, J.  Appellees, Albert Ironside and Mae, his wife, attacked and prayed the cancellation of an execution deed evidencing the sale of a 120-acre tract of land owned by them, in satisfaction of a judgment recovered against them July 19, 1932, for $373.23, in favor of appellant, Vara Cross Turner.  This judgment was revived by *scire facias* January 20, 1936, and the land was sold under the execution November 29, 1937, to the judgment creditor.

The deed is attacked upon various grounds, but we find it necessary to consider only one of these, this being that the land was advertised for sale and was sold for cash, and not upon a credit as required by § 5330, Pope's Digest, which section provides that, ''In all cases where the right to stay the execution exists and is not exercised, sales under the execution shall be on a credit of three months,  .  .  .''

It was early held that it was error to direct that land be sold for cash, *Worsham* v. *Freeman,* 34 Ark. 55; *Welch* v. *Hicks,* 27 Ark. 292; *Williams* v. *Ewing,* 31 Ark. 229.

It was held in the case of *Fry* v. *Street,* 37 Ark. 39, that a decree ordering real property to be sold, without saying on credit, means a sale for cash, and was therefore erroneous.  In the case of *DeYampert* v. *Manley,* 127 Ark. 153, 191 S. W. 905, it was held that a judicial sale under foreclosure proceedings, when not in conformity with the direct terms of the statute, should not be confirmed and that its invalidity may be asserted at any time before the running of the statute bar.

It was held by the court of appeals for this circuit, in the case of *O'Connor* v. *Townsend,* 87 Fed. 2d 882, that the provisions of § 6243, C. and M. Digest, now § 8199, Pope's Digest, was a rule of property in this state, and was binding on federal courts sitting in this state.

Now § 8199, Pope's Digest, relates to judicial sales or sales made by order of court, and the sale here under consideration was an execution sale, which is not a judicial sale, inasmuch as confirmation thereof by a court

order is not required. *Hershy* v. *Latham,* 42 Ark. 305; *Webster* v. *Daniel & Strauss,* 47 Ark. 131, 14 S. W. 550; *Farnsworth* v. *Hoover,* 66 Ark. 367, 50 S. W. 865; *Taylor* v. *Ga. State Savings Ass'n,* 141 Ark. 425, 218 S. W. 180. But this § 8199, applicable to judicial sales, and § 5330, applicable to execution sales, which might have been, but were not stayed, both require that the sales be made on credit, and this requirement is mandatory in both cases, and if a judicial sale for cash is void, so also would be an execution sale of real estate for cash.

It may be that inasmuch as the judgment creditor was the purchaser at the execution sale, and inasmuch also as the execution deed recites there was no other bid, that no more would have been offered for the land than the bid for which it was sold, had the land been sold on credit. On the other hand, it may be that had the sale been made on credit, as the statute requires, additional and larger bids might have been received. However, the statute permits the exercise of no discretion as to how the sale should have been made and the court therefore properly canceled the deed based on this sale.

The judgment creditor received the execution deed November 30, 1938, and took possession of the land the first of January, following, and has since been in possession. The judgment debtors prayed, and were accorded the right to redeem the land by paying any balance found due after Mrs. Turner, the judgment creditor, had been charged with the rents which she had received. An account was stated, of which no one complains. A balance of $385.49 was found due the judgment creditor and 60 days were allowed in which it might be paid, with directions, however, that if not paid the land be sold by a commissioner named for that purpose.

It was held in the case of *Millington* v. *Hill,* 54 Ark. 239, 15 S. W. 606, that where one has acquired possession of lands under a void judicial sale, but having a valid lien thereon, will be charged with rents and profits accruing therefrom, and credited with the value of such repairs made by him, as were necessary to keep the prop-

erty in the condition it was in when he took possession, and with taxes paid by him.

These equitable principles are applicable to one in possession under a void execution deed, and were correctly applied by the court in stating the account between the parties.

The decree accords with principles of equity and is therefore affirmed.