Honorable Gene Raff Prosecuting Attorney 417 Rightor Street Helena, Arkansas 72342
Dear Mr. Raff:
This is in response to your request for an opinion regarding the application of Ark. Stat. Ann. 30-417 (Repl. 1979). You have asked, specifically, whether the notice and publication provisions of this statute apply to foreclosure proceedings.
It appears that the answer to your question is no. Several Arkansas Supreme Court rulings point to this conclusion. The case of Farnsworth v. Hoover, 66 Ark. 327, 50 S.W. 865 (1899), involved a suit to foreclose a mortgage and a subsequent commissioner's sale in accordance with the chancery court order. The sale was challenged based upon the failure to comply with Sandels and Hill's Digest, codified as Ark. Stat. Ann. 30-417 (Repl. 1979). The Supreme Court upheld the sale, stating in pertinent part as follows:
 Was the sale illegal? It is insisted that it should have been made at the courthouse door, and upon twenty days' notice, according to the requirements of section 3095, 3096, Sand. H. Dig. Those sections are as follows:
 "Sec. 3095 [Ark. Stat. Ann. 30-417]. The time and place of sale of real property upon execution or by virtue of a judgment or order of sale, must be advertised for at least twenty days next before the day of sale, by posting printed advertisements at the court house door and five other public places in the county in which the sale is to be made, one of which is to be upon the premises to be sold," etc.
 "Sec. 3096 [Ark. Stat. Ann. 30-420]. The sale of real estate shall be made at the court house door, unless at the request of the defendant who owns the land the officer shall appoint the sale upon the premises."
These sections refer to sales made by the officer of real estate, upon execution issued by the clerk on a judgment or order of sale, and where the time, place, and notice to be given are not fixed specifically by the judgment. The latter section shows clearly that this statute is not intended to apply to sales made by the court through its own special agent or commissioner for that purpose, as in case of mortgage foreclosures; for, if the court's order in a decree of foreclosure directed the sale made at a certain place, the officer would have no right to change it at the request or behest of the defendant, as is contemplated by section 3096, supra. Sections 5856 — 5860 (Ark. Stat. Ann. 51-1005 — 51-1110), concerning mortgage foreclosure and sales thereunder, nowhere prescribe the time, place, and notice to be given in such sales. These are left entirely in the discretion of the court, which must be presumed to arrange for the most advantageous sale possible.
While it is true that foreclosure proceedings may involve an order of sale, (see Ark. Stat. Ann. 51-1102 — 51-1109 (Repl. 1971)), the Court's ruling in Farnsworth v. Hoover, supra, indicates that this fact does not trigger the applicability of 30-417. Rather, a distinction is drawn between judicial sales ordered under foreclosure proceedings and sales under 30-417. See also Knight v. Equitable Life Assur. Soc., 186 Ark. 150, 52 S.W.2d 977 (1932); Turner v. Ironside, 208 Ark. 17, 184 S.W.2d 810 (1945).
Act 53 of 1987 should, finally, be consulted with respect to sales by trustees or mortgagees.
This is in response to your request for an opinion Assistant Attorney General Elisabeth A. Walker.
cc: Fletcher Long, Jr. Deputy Prosecuting Attorney P. O. Box 1098 Forrest City, Arkansas 72335