Hamilton & Co. v. Ford.

HAMILTON & CO. v. FORD.

1. REPLEVIN: *Changed to detinue. Possession and demand before suit.*
   When the order of delivery in an action of replevin is quashed and
   . the action is prosecuted as detinue, neither proof of the defendant's
   possession of the property at the commencement of the suit, nor of
   demand by plaintiff before suit, is necessary.

2. SALE OF GOODS: *Delivery, title, fraud.*
   Upon the sale and delivery of goods, with the intention of passing the
   title to the purchaser, the title vests in him, though the sale was
   procured by his fraud, practiced on the vendor; the fraud rendering
   the sale not void but only voidable.

3. FRAUD: *False and fraudulent representation.*
   A vendor has no right to rescind and avoid a contract of sale for
   fraudulent representations of the vendee inducing it, unless the rep-
   resentations were not only false and fraudulent, and made with intent
   to mislead the vendor, but could have been discovered to be such by
   reasonable care and diligence of the vendor; and that he not only
   did rely on them, but had a right to do so, in full belief of their
   truth.

APPEAL from *Lafayette* Circuit Court.
Hon. C. E. MITCHEL, Circuit Judge.

*L. A. Byrne* for appellant.

*First*—There must be a *wrongful detention after a demand*,
not a wrongful possession at any time. *34 Ark., 93 ; 40 ib.,
555.*

*Second*—The first, second and third instructions for
plaintiff are too broad and general, and calculated to mis-
lead. They proceed on the theory that no title to the
goods passed, but only the possession; and they exclude
the proposition that it was necessary for Ford to restore
Hamilton in *statu quo,* before Ford could rescind. *15 Ark.,
286; 17 ib., 603 ; 20 ib., 424; 23 ib., 196.*

*Third*—When a party seeks to avoid a contract for fraud, he must place the party in *statu quo*, by returning any consideration or benefit received. *54 Cal., 189; 29 La., 245; 33 ib., 786; 36 Wisc., 439; 75 Ill., 205; 64 Me., 477; 52 N. H., 232.* And he must rescind in a reasonable time after the fraud is discovered. *17 Ark., 228; 51 Miss., 412; 18 Ind., 183.*

*Fourth*—The judgment cannot be enforced, as there were many articles and the value of each is not found and stated by the jury. *37 Ark., 544.*

*Montgomery & Hamby* for appellee.

*First*—After the affidavit and order of delivery were quashed, the case stood for trial on the merits, as though none had been made. *10 Ark., 53.*

Appellants having pleaded property in themselves, no demand was necessary. *35 Ark., 169.*

*Second*—The moving of the goods by appellants after the agreement that they should remain boxed as the property of Ford, until reinvoiced, was a wrongful taking and conversion. *Wells on Replevin, sec. 341,* and no demand necessary. *11 Ark., 249; Wells Repl., sec. 367.*

*Third*—The verdict is good; it follows the description set out in the the complaint. *Wells on Repl., sec. 114.*

Hon. W. C. RATCLIFFE, Sp. J.    Richard B. Ford commenced his action for the recovery of possession of certain specific personal property, in the Lafayette circuit court on the 29th day of July, 1869. An affidavit was filed, and an order of delivery issued. The property in controversy consisted of a remnant of a stock of merchandise in a store in Mar's Hill, in said county of Lafayette. The complaint contained a list of the articles claimed, as

did also the affidavit and order of delivery.   The value of each article was not set out in the affidavit.   The aggregate value of the goods was placed at $2,000.

Colby A. Hodges and William E. Hamilton were made defendants.   Each filed his separate answer, setting up by way of defense that the goods were not the property of appellee, but the property of appellants, Hamilton & Co., a firm composed of said William E. Hamilton, William B. Hamilton and Elias F. Carnall.   Afterwards Hamilton & Co. made themselves parties defendants, and were substituted as such.   Hamilton & Co. also filed their answer, setting up property in themselves, and also alleging certain facts in connection with said ownership, which were afterwards struck out by the court on its own motion—a demurrer to the answer having been overruled.   No further action was had in the case for a period of fifteen years, except the filing of some unimportant motions, and of a substituted complaint on the 4th day of October, 1880, which was substantially the same as the original—the original complaint being afterwards found and placed upon the record.

On the 11th day of August, 1884, a motion was made by appellants to quash the affidavit and order of delivery, which was sustained, and judgment against appellee for all costs in that behalf expended.   Appellee did not except to the ruling of the court.   Appellee then filed his motion to quash certain depositions of appellants, which was overruled by the court, exceptions noted, but the depositions are not brought upon the record.   The death of Elias F. Carnall was suggested, admitted, and the cause revived and directed to proceed against William E. Hamilton and William B. Hamilton as surviving partners.   Under this state of the pleadings the case stood as the ordinary action of

detinue, with issue as above stated.  *Harkey v. Tillman, 40 Ark., 555.*

It was tried as such and judgment for appellee.  There was a motion for a new trial, which was overruled, exceptions noted, bill of exceptions filed, and appeal prayed and granted.

1.REPLEVIN
Posses-
sion and
demand
before suit.

The judgment is substantially correct in form.  It was not necessary that appellants should have been in possession at the time suit was brought; nor was a demand necessary, and any matters connected with these questions will not be further considered.

2.  Sale,
Delivery,
Title,
Fraud.

The proof is as follows:  Appellee, on the 21st day of January, A. D. 1868, was the owner of a stock of goods at Mar's Hill, Lafayette county; the appellants were merchants, doing business at Shreveport, La.  Appellee was indebted to appellants on a note for $5,249.54, dated November 9, 1867, and due at date.  William E. Hamilton, representing the appellants, entered into negotiations with appellee for a settlement thereof, and it was finally agreed that the stock of goods and certain notes and accounts should be turned over in payment of the said note—the goods first to be inventoried at their cost at Shreveport, with transportation added.  An inventory was made by William E. Hamilton and Colby A. Hodges.  The appellee was to be present, but owing to sickness in his family was prevented, and he told the other two to proceed with the inventory, as he had confidence in them.  The goods were inventoried at $2,000.  After the inventory was made appellee came to the store, when Hamilton told him that the same was correctly taken; that the original cost invoice and the inventory he had taken were in the store, and he should examine for himself.  He did not go in to examine them, saying he relied on what Mr. Hamilton told him in reference to them.  The settlement was then completed,

the note turned over to appellee, and the goods and certain notes and accounts turned over to appellants, and appellee executed to them his note for $193.63 in settlement of a balance and for an additional $100 advanced for him afterwards at his request.

The title to the goods vested in appellants. If any fraud entered into the transaction the sale was *voidable* only, but not *void*. *Benjamin on Sales, sec. 633; Bishop on Contracts, sec. 198.*

The appellee seeks to divest title on the ground that the inventory was fraudulently made, and thereby he was deceived into making the settlement. Without noticing further the testimony, reference is had to instruction No. 1, given for appellee, excepted to by appellants, and made a ground for the motion for a new trial. It is as follows:

3. FRAUD: False representations.

" If you believe from the evidence that the plaintiff was the owner of the goods in question on or about the 21st day of January, 1868, and that he agreed to sell the same at that time to the defendants, or to Hamilton & Co., with the understanding that W. E. Hamilton was to make a fair inventory or invoice of said goods at the prices which the same cost at Shreveport, with the cost of transportation added, and said W. E. Hamilton made an inventory of said goods in the absence of the plaintiff, and did not make said invoice in the manner agreed on, but put the values of the goods at a less sum than said original cost and cost of transportation, and induced the plaintiff to settle with him at the representation of said Hamilton & Co., and the plaintiff did so settle, under the impression that said goods had been fairly invoiced as agreed on, when they had not, and delivered said goods into the possession of said Hamilton & Co. under that impression, you are instructed that Hamilton & Co. did not thereby acquire any property in said goods, or the right to possession of the same, and you

---

Hamilton & Co. v. Ford.

---

may find for plaintiff, unless you further find, upon the evidence, that the plaintiff thereafter sold said goods to the defendants."

This instruction seems to be based on the fact that appellee had been induced to part merely with the possession, which is inconsistent with the evidence. The contract was executed and the goods delivered to the appellants with the intent on part of appellee that the title should pass. It is claimed that appellee had the right to rescind, on the ground that it was procured by fraudulent representations on the part of appellants. If so, the representations must not only have been false and fraudulent, and with intent to mislead, but must have been such as could not have been discovered by ordinary care and diligence. Also that appellee "not only did in fact rely upon the fraudulent statement, but had a right to rely upon it in the full belief of its truth." *Parsons on Contracts, vol. 2, sec. 773; Hanger v. Evins & Shinn, 38 Ark., 334.* None of these elements enter fully and distinctly into said instruction, and were material to the issue. The instruction should not have been given without modifications conforming to these principles.

The giving of the third instruction asked by appellee is also made a ground for the motion for a new trial. It is as follows:

"If you believe from the evidence that the plaintiff and W. E. Hamilton, on or about the 12th day of April, 1868, agreed that the goods in question should be reinventoried or reinvoiced, and that said goods should remain boxed up and unused by Hamilton & Co. until the same were reinvoiced, and should be the property of the plaintiff, and that Hamilton & Co. thereafter and before the commencement of this suit, without having said goods reinvoiced,

and without the consent of the plaintiff, took possession of said goods, then you will find for plaintiff."

This instruction is based, also, on the theory that the sale to appellants was never consummated and no title vested in them. It also involves the idea that possession was redelivered to appellee. Neither of these propositions is sustained by the evidence, and the instruction is misleading.

Without commenting further on the law and testimony, it may be proper to remark that, in the opinion of the court, the verdict of the jury is wholly irreconcilable with the evidence and the instructions, taken as a whole.

Reversed and remanded, with directions to grant appellants a new trial.

Hon. B. B. BATTLE did not sit in this case.