Grocer Co. v. McClain.

No. 12,167.

*THE LEHMAN-HIGGINSON GROCER COMPANY V. JAMES
McCLAIN, as Constable, et al.

Error from Cowley district court. Opinion filed May 11,
1901. Division two. Affirmed.

W. P. Hackney, and J. T. Lafferty, both of Winfield, for the
plaintiff in error.

McDermott & Johnson, J. E. Torrance, and G. H. Buckman,
all of Winfield, for the defendants in error.

Per Curiam: This was a contention between the plaintiff in
error, who claimed a stock of goods under a chattel mortgage,
and James McClain, a constable of Cowley county, who claimed
a part of the same goods by virtue of the levy of an attachment
thereon, and the Winfield National Bank, which claimed an
interest in the same goods by virtue of a chattel mortgage
which it claimed to be prior to both the liens of the other
parties.

The goods—a stock of groceries—belonged to L. M. Davis,
but were managed by her husband, N. G. Davis.

The case was tried to the court, who made special findings
of fact, which show that at the time of the execution and de-
livery of the chattel mortgage under which the plaintiff
claimed, it was agreed that the mortgage should not be filed for
record, that the grocery business should be continued by Davis
in the usual manner, and that there was no change in the pos-
session of the stock of goods or the manner of transacting the
business.

Some forty days thereafter and on September 3, 1895, with-
out any other agreement having been made, the chattel mort-
gage was filed for record, and on the same day an agent of the
plaintiff went to the store of Davis, obtained possession of a
key thereof, and attempted to put the husband, N. G. Davis,
in charge as agent of the plaintiff, but there was at no time any
visible change in the possession of the stock of goods, or in the

* NOTE.—This case was not reported in full when the case was decided (see 63 Kan.
881.), and is reported here because it was cited in the case of Bank v. Venard, ante p. 15.

manner of conducting the business, and it was the understanding between the agent of the plaintiff and Davis that he should continue in the possession of the goods and the conduct of the business in the same manner as theretofore. No notices were posted nor advertisements given of the change or attempted change of possession of the stock of goods. A written agreement, however, was entered into between the plaintiff and N. G. Davis, to which L. M. Davis was not a party, and which did not purport to in any way bind her, that N. G. Davis should remain in possession of the goods as agent of the mortgagee and have notices posted up, that he should keep strict account of all sales and sell for cash only, keep strict account of all expenses, and report to the mortgagee weekly all sales made and pay over to it on demand all moneys.

The attachments, under which the constable claimed were levied on the 4th and 5th of September.

At the time when the agent of the plaintiff attempted to take possession of the goods on September 3, the agent went to the Winfield National Bank, where he learned that the bank had a chattel mortgage on the goods given by Mrs. Davis, which had not been filed for record, and which was claimed to be prior to the mortgage of plaintiff, and it was there agreed that if the bank would not interfere with the business of L. M. Davis, but permit her to continue in business, she should pay out of the proceeds of the sale of the goods the sum of fifteen dollars per week upon the debt secured by the bank's mortgage, the balance of the proceeds of the business, after paying the running expenses, to be remitted to the plaintiff.

The action was one in replevin and the plaintiff claimed its right to recover solely by reason of the special ownership conferred by its chattel mortgage.

The trial court found as a matter of law that both of the mortgages of the plaintiff and the bank were void as against the attachment levies, and directed judgment in favor of the constable, and further found in favor of the bank as against the plaintiff for the amount of its claim.

We do not think we ought to disturb the judgment of the court below. Under the agreement which accompanied the making of the mortgage that instrument was clearly void as to all third parties. It would not even support a possession

taken thereunder. Another agreement was attempted to be made on September 3, but it is observed that this was not made—even if it is sufficient for any purpose—with the owner of the goods. It did not purport to be her agreement. Further than this, it is very far from clear that the plaintiff ever had actual possession of the goods, either under its chattel mortgage or under this agreement, for we find by looking into the evidence that on September 5, and after the attachment had been levied, N. G. Davis denied that he was the agent of the plaintiff and refused to recognize its right to the possession or control of the goods.

Objection is made to the rendition of a money judgment of $96 against the plaintiff in favor of the bank. That was the amount remaining unpaid on its note secured by the Davis mortgage. The plaintiff in error had taken the entire stock of goods on which the bank had a mortgage and converted it to its own use, and on the trial denied the bank's lien, and justified its conversion of the goods by virtue of its void chattel mortgage. We think under the circumstances no substantial error was committed.

The judgment is affirmed.