STRAHORN-HUTTON-EVANS COMMISSION COMPANY v. HEFFNER.

Opinion delivered February 25, 1905.

REPLEVIN—RETAINING BOND—EFFECT.—Where a defendant executed bond to retain property replevied by an officer, he is thereafter estopped from denying that he was in possession of the property seized by the officer, but not from showing that it belonged to him, and that plaintiff had no right to it.

Appeal from Lonoke Circuit Court.

GEORGE M. CHAPLINE, Judge.

Affirmed.

### STATEMENT BY THE COURT.

In 1898, W. L. Heffner, of Lonoke County, Arkansas, executed a mortgage to the Strahorn-Hutton-Evans Commission Co., of Missouri, on about ninety head of cattle to secure advances made by the company to him. The cattle at that time were in the possession of the mortgagor, W. L. Heffner. Afterwards this

suit was brought by the company against W. L. Heffner and his father, J. C. Heffner, to recover possession of certain cattle which it was alleged were conveyed by the mortgage. The cattle were in the possession of J. C. Heffner, and he and his co-defendant gave bond for the retention of the property, the condition of the bond being that "the defendant shall perform the judgment of the court in the above action by returning to plaintiffs herein the cattle named in the order of delivery, or the value thereof, if the same be adjudged against the defendant.

W. L. Heffner made no defense, and a judgment was entered against him for want of an answer. J. C. Heffner filed an answer, in which he claimed that the cattle replevied were not included in the mortgage from W. L. Heffner to the plaintiff, and that they were his property, against which plaintiff had no claim.

On the trial there was proof tending to show that the cattle in question belonged to the defendant, J. C. Heffner, and that they were not the cattle mortgaged.

The court gave the following among other instructions:

"1. The jury are instructed that the plaintiff, in order to recover in this action, must prove by a preponderance of the evidence that at the time of the commencement of this suit the defendant, J. C. Heffner, had in his possession the property seized by the officer, and that the property so seized was embraced in the mortgage or deed of trust given by W. L. Heffner.

"2. The jury are instructed that the return of the officer and the bond given for the return of the property executed by the defendant are conclusive as to the number, kind and description of cattle, but do not estop the defendant J. C. Heffner from claiming said property as his own, and that said property was not the property of Walter Heffner, and was never embraced in the deed of trust given to the plaintiff in this action."

There was a verdict and judgment in favor of the defendant, from which the plaintiff appealed.

*Thos. C. Trimble, Joe T. Robinson* and *Thos. C. Trimble, Jr.,* for appellant.

Instruction No. 1 erroneously placed the burden of proof upon the defendant, and estopped him from showing that he was

not in possession of the property. 20 Am. & Eng. Enc. Law, 1108; 32 Mo. App. 132; 2 Herman, Estop. 767; Shinn, Replevin, 381; 119 N. Y. 298; 34 Mo. App. 602; 12 Col. 534; Cobbey, Replevin, 369; 86 Ala. 442; 5 Wash. 230; 119 N. Y. 298. The sheriff's return on a writ is conclusive between the parties. 2 Cobbey, Replevin, § 661; 22 Am. & Eng. Enc. Law, 193; 11 Ark. 368; 40 Ark. 141.

*J. H. Harrod,* for appellee.

Riddick, J., (after stating the facts.) This is an action of replevin to recover cattle, the possession which the plaintiff claims by virtue of a mortgage by one of the defendants. The defendant who execu'ed the mortgage made no defense, and a judgment was rendered against him for failing to answer. The other defendant, who was not a part to the mortgage, denied that the cattle seized under the writ of replevin were included in the mortgage; and whether this was so or not was the only issue in the case.

As the defendant gave bond for the retention of the property seized by the officer, he could not afterwards deny that he was in the possession of such property at the time the action was commenced. The court was therefore in error in telling the jury, as he did in the first instruction, that the burden to prove that fact was on the plaintiff. But, as the fact that the defendant J. C. Heffner was in the possession of the cattle seized under the writ, and which he claims as his property, was not disputed, either in the pleadings or the evidence, and as this fact seems to have been conceded all through the trial, we do not think that this error was prejudicial, or had any effect on the verdict.

While the defendant, having executed a retaining bond, was estopped from denying that he was in possession of the property seized by the officer, he was not estopped from denying that this property was included in the mortgage upon which plaintiff based its right to recover, nor from showing that it belonged to him individually, and that plaintiff had no right to it. Plaintiff's contention on this point was clearly untenable. The whole trial seems to have been directed to the question as to whether these cattle were the same cattle that were mortgaged by the defendant W. L. Heffner to the plaintiff, or whether they were cattle belonging to the defendant J. C. Heffner, and not included in such mortgage.

As the evidence clearly shows that they were never included in the mortgage, we are of the opinion that the errors complained of were not prejudicial, though they call attention anew to the fact that a trial judge in instructing a jury should keep clearly in his mind the questions at issue, and not submit to them matters which are not in dispute, and which are concluded by the pleadings or the undisputed facts.

On the whole case, the judgment must be affirmed, and it is so ordered.