# CASES DETERMINED

IN THE

# SUPREME COURT OF ARKANSAS

---

## SIBECK *v.* McTIERNAN.

### Opinion delivered January 17, 1910.

1. REPLEVIN—ARTICLES ON PERSON.—Whether an order of delivery can be executed at the inception of a replevin suit to take an article of dress or personal adornment from the person of a defendant without his consent or not, such order is not necessary to the maintenance of the action, which may proceed as an action of detinue. (Page 6.)

2. SAME—NECESSITY OF DEMAND.—It is not necessary, before bringing replevin, to make demand for an article which defendant claims as her own and over which she exercises acts of ownership. (Page 6.)

3. SAME—DEFENSE.—One who wrongfully detained personal property and refused to surrender it on demand is liable to an action, although it may not be in his possession when suit is brought. (Page 7.)

4. SAME—ESTOPPEL.—Where a defendant in replevin gives bond to retain possession of the property, he is estopped to deny that he was in possession thereof at the time the action was brought. (Page 7.)

5. SAME—PERSONS LIABLE.—Where defendants jointly withheld plaintiff's property, they are jointly liable for the property and damages. (Page 7.)

6. LIMITATION OF ACTIONS—NECESSITY OF PLEA.—The defense of the statute of limitations is waived unless pleaded. (Page 7.)

7. INSTRUCTION—WHEN HARMLESS.—An erroneous instruction as to the measure of damages was harmless where it affirmatively appears that the jury followed the correct rule. (Page 7.)

8. REPLEVIN—ENTRY OF JUDGMENT AGAINST SURETY.—Under Kirby's Digest, § 6870, authorizing the entry of judgment for the value of the property against the sureties upon a delivery bond, such judgment against the sureties may be entered without notice after judgment against defendants, even at a subsequent term. (Page 8.)

Appeal from Pulaski Circuit Court, Second Division; *James H. Stevenson,* Judge; affirmed.

*Carmichael, Brooks & Powers,* for appellant.

1. The court should have given a peremptory instruction for defendants. Articles of dress or personal adornment cannot

be taken on a writ of replevin from the person of a defendant without his consent. 16 Gray 213, s. c. 77 Am. Dec. 409. And, if plaintiff had no right to delivery of the property, there could be nothing to go to the jury. 37 Ark. 544; 43 *Id.* 535; 50 *Id.* 300; 54 *Id.* 121; 3 Hill 577.

2. The court should have instructed the jury that there could be no recovery unless demand had been made upon defendant, Mona Sibeck, prior to the institution of the suit. 16 Ark. 90.

3. Instruction number four, given at plaintiff's request, was erroneous in instructing the jury that "the defendants, or any of them," would be liable. Only the defendant having possession of the ring, at most, would be liable.

4. Under the statute of limitations, § 5064, subdiv. 3 and 6, Kirby's Dig., the plaintiff must allege, and the burden is upon him to prove, that the statute has not run. 27 Ark. 343. And in actions of replevin and detinue the period is three years. 22 Ark. 134; 22 *Id.* 226; 44 *Id.* 29. Defendants' requested instruction number 3 should therefore have been given. 50 Ark. 549.

5. A guardian *ad litem* should not have been appointed, as one was unnecessary.

6. The motion for judgment against the sureties on the replevin bond was not filed until more than thirty days after the trial, and this was too late under the statute. Kirby's Dig. § 6870. The surety was not afforded an opportunity to make defenses.

7. The verdict is not supported by the evidence.

*Wiley & Clayton,* for appellee.

1. Defendants' peremptory instruction was properly refused, because,

(a) It was abstract. 85 Ark. 390; 86 Ark. 91; 90 *Id.* 78; 90 *Id.* 287; 90 *Id.* 104; 87 *Id.* 471; 88 *Id.* 172; 88 *Id.* 454.

(b) It was not a correct statement of the law. 87 Ark. 528; 91 Ark. 43.

(c) The right to claim exemption from seizure under the writ was waived. 69 Ark. 256.

2. The specific objection to appellee's fourth instruction was not made at the time of the trial, and it will not now be considered. 80 Ark. 225; 87 *Id.* 396; 88 *Id.* 181; 90 Ark. 108.

The instruction was, however, correct, 74 Ark. 340.

3. No demand was necessary. Kirby's Dig. § 6006.

4. The statute of limitations was not pleaded, and was therefore waived. 77 Ark. 379. Moreover, the instruction requested upon this point was erroneous. 76 Ark. 405.

5. The verdict is amply supported by the evidence.

6. The appointment of a guardian *ad litem* was required by Kirby's Dig., § 6023.

7. The summary judgment against M. Levy, surety on the bond, was authorized under sections 4684 and 6870, Kirby's Digest, and was properly rendered. 78 Ark. 237.

BATTLE, J. This action was brought by Nellie McTiernan against J. B. Sibeck and his wife, and Mona Sibeck, before a justice of the peace to recover possession of a certain diamond ring. She made the affidavit required by the statute as a condition precedent for suing out an order of delivery; and it was issued by the justice of the peace for the possession of the diamond ring, and at the same time a summons was issued for the defendants. To secure the execution of the order of delivery, plaintiff executed a bond with sureties, conditioned as required by law; and the order and summons were served upon the defendants; and the defendant, J. B. Sibeck, and M. Levy, as surety, executed a bond to the plaintiff, in the sum of three hundred dollars, to the effect that the defendant, J. B. Sibeck, would perform the judgment of the court in this action, which was approved by the constable to whom the order of delivery was directed; and the defendants were allowed to retain possession of the diamond ring. The defendant Mona Sibeck being a minor, a guardian *ad litem* was appointed for her, after she was served with process, and he, as such guardian, answered and denied that plaintiff was the owner of the property in controversy, and denied all the allegations contained in the statement of the cause of action filed by the plaintiff. The record fails to show the defenses of the other defendants.

In a trial before the justice of the peace the plaintiff recovered judgment against the defendants for the diamond ring or its value, one hundred and fifty dollars, in the event its return could not be had, and twenty-five dollars for its detention; and the defendants appealed to the Pulaski Circuit Court.

On the 26th day of March, 1909, the issues in this cause came on for trial before a jury in the circuit court. Evidence was adduced which tended to prove the following facts: Plaintiff and Andy Grancy were engaged to be married. She was the owner of the ring in controversy, and in October, 1904, loaned it to him, and allowed him to hold it until he died, which occurred on the 4th day of November, 1907. He was in possession of it at his death. After that it was delivered to the defendant, Mrs. Sibeck. About the 5th day of November, 1907, plaintiff demanded possession of the ring of Mrs. Sibeck, and she failed to deliver it. A short time after that plaintiff met J. B. Sibeck on the street, and ascertained that he had the ring, and demanded it, and he refused to deliver possession. On the 9th day of December, 1907, she brought this action. The ring is worth $150.

Evidence was also adduced which tended to prove as follows: Graney gave the ring in controversy to Mona Sibeck in his lifetime, and she exercised ownership over the same, and had it on her finger at the trial in the circuit court, claiming it as her own.

The court, over the objections of the defendants, at the instance of plaintiff, instructed the jury as follows:

"I.   If you find from the evidence that the ring in controversy is the property of the plaintiff, and demand has been made on defendants, J. B. Sibeck and Miss Mona Sibeck, for possession of the same, you will find for the plaintiff, and assess her damages to the usable value of the ring from the date of the institution of this suit."

"II.   If you believe from the evidence that J. B. Sibeck was the agent of Mona Sibeck and had possession of the ring in controversy as such agent, you are instructed that demand on said J. B. Sibeck was a sufficient demand on Mona Sibeck."

"IV.   Even though you should believe, from the testimony that the ring exhibited to the jury was not the plaintiff's ring, still, if you believe from a preponderance of the testimony that the defendants, or any of them, had possession of the plaintiff's ring at the time this suit was brought, you will find for the plaintiff."

"V.   If you find for the plaintiff, you will also find for the value of the ring in controversy, and also the damages suffered

by plaintiff by reason of the detention, which should be interest on the value of the ring at 6 per cent. from the date of the suit."

"VI. You are instructed that demand is only necessary before bringing suit where the defendant would not deny or contest plaintiff's right to recover; and if you find that the defendants exercised acts of ownership over the ring in controversy, claiming it as the property of said defendants, or either of them, then the court instructs you that no demand was necessary before the bringing of the suit."

And refused to instruct the jury at the request of the defendants, in part, as follows:

"II. You are instructed that if you find from the evidence that the ring in controversy was upon the person of either one of the defendants at the time the writ in this case was sued out, you will find for the defendants.

"III. You are instructed that if either of the defendants, or Andy Graney, held the ring in controversy as their own property for more than three years before the bringing of this suit, you should find for all the defendants."

"VII. If you find from the evidence that no demand for the possession of the ring was made on the defendant, Miss Mona Sibeck, before this suit was brought, you will find for the defendant, Miss Mona Sibeck."

"VIII. You are instructed that if the plaintiff gave the ring to Andy Graney and was out of the possession of it for more than three years, and that Graney transferred the ring for a valuable consideration to Mona Sibeck, you will find for the defendants, J. B. Sibeck and Mona Sibeck.

"X. If you find from the evidence that the plaintiff gave the ring to Andy Graney in the fall of 1904 as a gift and not as a loan, Graney had a perfect right to give the ring to Mona Sibeck; and if you find that he (Graney) did give the ring to Mona Sibeck you will find for the defendants, J. B. Sibeck and Mona Sibeck."

And the court instructed the jury, in part, at the instance of defendants, as follows:

"You are instructed that the plaintiff must win, if she win at all, upon the strength of her own title."

The jury returned a verdict in favor of the defendant, Mrs. Sibeck, and in favor of the plaintiff against the defendants, J. B.

Sibeck and Mona Sibeck for the possession of the ring or its value, $150, with interest at the rate of 6 per cent. from date of this action. Upon this verdict the court ordered and adjudged that plaintiff recover nothing of Mrs. Sibeck, and that she recover of and from the defendants, J. B. Sibeck and Mona Sibeck, the ring in controversy, or, in the event a return cannot be had, she recover of them its value, one hundred and fifty dollars, and that she recover of them twenty-four dollars and thirty-five cents the interest on the value of the ring from the day of the commencement of this action to the date of this judgment, for her damages.

On petition of the guardian *ad litem,* and over the objections of the defendants, the court allowed him for attorney's fee the sum of ten dollars, and ordered that it be taxed as costs in this action.

On the 8th day of May, 1909, the court, on motion of the plaintiff, over the objections of the defendants, rendered judgment in her favor, against M. Levy, as surety upon the bond given by the defendants to retain possession of the ring in controversy for the sum of $150 with interest at the rate of 6 per cent. per annum from the 9th day of December, 1907, until paid.

The defendants J. B. and Mona Sibeck, and the surety, Levy, have appealed.

Appellants contend that articles of dress or personal adornment cannot be taken on a writ of replevin from the person of defendant without his consent. We find no evidence of an effort to do so in this case, nor was it necessary to do so to maintain this action. All forms of actions were abolished by the "Code of Practice in Civil Cases." This action, under the Code, is an action to recover possession of personal property, and it may progress without any order of delivery. Such order is not necessary to its maintenance, and it may be prosecuted without it, as an ordinary action of detinue. *Hamilton* v. *Ford,* 46 Ark. 245; *Harkey* v. *Tillman,* 40 Ark. 555; *Eaton* v. *Langley,* 65 Ark. 448, 450, 451. So it is not necessary to take the ring from the person of the appellants to maintain the action, even if it be conceded that it could not have been taken in any other way.

No demand upon Mona Sibeck for the possession of the ring was necessary to maintain the action, for she claimed it

as her own, and exercised acts of ownership over it. *Prater* v. *Frazier*, 11 Ark. 249; *Henry* v. *Fine*, 23 Ark. 417; *Dunnohoe* v. *Williams*, 24 Ark. 364; *Triplett* v. *Rugby Distilling Co.*, 66 Ark. 219.

Appellants insist that judgment was recoverable only against the defendant having possession of the ring. This is not correct. Appellant J. B. Sibeck had possession of the ring when appellee demanded it, and he refused to deliver. He was liable for the property. In *Harkey* v. *Tillman*, 40 Ark. 555, it is said: "When one is wrongfully detaining property and refuses it on demand, he is liable to an action, although it may not remain in his possession when suit is brought." By giving the bond to retain possession of the ring, J. B. Sibeck was estopped from denying that he was in possession of the ring at the time the action was brought. *Strahorn-Hutton-Evans Commission Company* v. *Heffner*, 74 Ark. 340.

It is conceded that the appellant Mona Sibeck was controlling and exercising acts of ownership over the ring before and at the time this action was brought. They (J. B. and Mona Sibeck) were father and daughter, and joint wrongdoers in withholding the property from appellee and depriving her of its possession, and were jointly liable to be sued for the ring and damages. *Washington* v. *Love*, 34 Ark. 104.

The instruction upon the statute of limitation asked for by the defendants was properly refused. There is nothing in the pleadings or proceedings in the action that indicated that appellants relied upon that statute until they asked for the instruction. Unless they pleaded it, they cannot take advantage of it; they waived it. *McGehee* v. *Blackwell*, 28 Ark. 27; *Riley* v. *Norman*, 39 Ark. 158; *Livingston* v. *New England Mortgage & Sec. Co.*, 77 Ark. 379. It is true that the pleadings in this case were oral, but the statute requires that the substance of them should be written upon the docket, and that does not appear to have been done before the justice of the peace or in the circuit court. There is no evidence that they pleaded the statute of limitation. Kirby's Digest, § 4580.

The measure of damages in this case is 6 per centum per annum interest on the value of the property. The jury followed this rule, and allowed that much damages. As they followed this

rule, appellants were not prejudiced by instructions in this respect. But the court rendered judgment for $24.35 for damages, when they (damages) should have been $11.67, twelve dollars and sixty-eight cents too much, which is manifestly a clerical error.

The appellants object to the appointment of a guardian *ad litem* of Mona Sibeck as unnecessary. It is sufficient to say the statute required it. Kirby's Digest, § 6023.

Appellants contend that the court should not have rendered judgment against the surety on the bond to retain possession of the property in controversy at the time it did. The statute provides, in such cases, that "the court or jury in the case may not only render judgment against the defendants for the recovery of the property, or its value, together with all damages sustained by the detention thereof, but also, upon motion of the plaintiff, may render judgment against the sureties upon his said delivery bond for the value of the property, and also damages as aforesaid, as the same may be found and determined by the court or jury trying such cause." *Id.* § 6870. By executing the bond, the sureties became parties to the action, and the statute provides for no process or notice to them before judgment. Upon bonds upon which the statutes authorize summary judgments upon motion against sureties after judgment against the principal, this court has repeatedly held that such judgments may be entered without notice against the sureties after a failure to do so at the time judgment was rendered against the principal, even at a subsequent term of the court. *Freeman* v. *Mears,* 35 Ark. 278; *Rogers* v. *Brooks,* 31 Ark. 194; *Fletcher* v. *Menken,* 37 Ark. 206; *Shaul* v. *Duprey,* 48 Ark. 331. So we conclude that the judgment in this case was properly entered against the surety.

The evidence was sufficient to support the verdict of the jury.

Judgment is affirmed in all things except as to error in the calculation of interest, which is corrected.