WHITTINGTON *v.* HOOKS.

Opinion delivered July 3, 1922.

1.  TRIAL—INSTRUCTION AS TO UNDISPUTED FACTS.—Where the evidence of the parties to an action on a certain point was the same, it was not error to tell the jury that the evidence on that point was undisputed.

2.  EXCHANGE OF PROPERTY—RESERVATION OF TITLE—PRIORITY.—Where a mortgagee consented to an exchange of the mortgaged chattel for another chattel, and the third party retained title to the chattel he traded to the mortgagor until the difference in price was paid, the purchaser can enforce his title against the purchaser under the mortgage, notwithstanding an agreement between the mortgagor and mortgagee that the chattel received in the trade would be subject to the mortgage.

3. REPLEVIN—NECESSITY OF DEMAND BEFORE SUIT.—Where plaintiff and another party traded mules, and the other party sold the mule before paying the balance of the purchase money, for which title was received by plaintiff on the mule exchanged by him, it was not necessary for plaintiff to demand possession from one claiming ownership before bringing suit in replevin.

Appeal from Bradley Circuit Court; *Turner Butler,* Judge; affirmed.

### STATEMENT OF FACTS.

This was an action in replevin commenced in the justice court by W. H. Hooks against J. J. Whittington to recover a buckskin mule. There was a judgment in favor of the plaintiff in the justice court, and the defendant appealed to the circuit court. On a trial *de novo* in the circuit court there was again a verdict and judgment for the plaintiff.

It appears from the record that F. F. Brunson bought two mules from W. H. Hooks and Sam Quimby, who are dealers in livestock. Brunson mortgaged the mules to the Tobin Mercantile Company. Subsequently Brunson found that one of his mules would not work to suit him, and he obtained permission from the Tobin Mercantile Company to trade the mule for another one. It was agreed between them that the mule he should trade for should be substituted in the mortgage for the one traded off. Brunson then traded mules with Hooks and Quimby.

According to their testimony, Brunson agreed to pay them $37.50 difference between the two mules, and it was agreed between them that the title to the mule they traded to Brunson should remain in them until the $37.50 was paid. They also testified that the $37.50 had not been paid, and that Brunson had turned the mule over to the Tobin Mercantile Company in part payment of his indebtedness to it, and that company had sold the mule to J. J. Whittington.

On the other hand, Brunson testified that there was no reservation of title in the mule at the time he traded for it from Hooks and Quimby. He admitted that he

agreed to pay them $37.50 as the difference between the mules in the trade, and that he still owes them that amount.

The evidence also shows that the title to the mule in question was in Hooks at the time it was traded to Brunson.

The case is here on appeal.

*D. A. Bradham*, for appellant.

*J. C. Clary*, for appellee.

HART, J. (after stating the facts). One of the assignments of error is that the court erred in instructing the jury. The court told the jury that the undisputed evidence showed that Brunson was indebted to Hooks in the sum of $37.50, and that the only question for them to decide was whether or not it was understood by both parties that Hooks should retain the title to the mule until the $37.50 was paid.

The court instructed the jury that the burden of proof was on Hooks. The court also instructed the jury that, if the mule was traded merely on an agreement with Brunson to pay the sum of $37.50 without any reservation of title in Hooks, the latter was not entitled to recover the mule.

The instructions given were correct. The evidence of both parties to this lawsuit shows that Brunson agreed to pay Hooks $37.50 as the difference when he traded another mule for the mule in question, and that he has not paid that amount to Hooks. Hence there was no error in telling the jury that the evidence on this point was undisputed.

The point in dispute between the parties was whether or not Hooks retained title to the mule in question until the $37.50 was paid, and this question was submitted to the jury under proper instructions.

It is true that Brunson had mortgaged the mule he traded to Hooks, but this did not make any difference, for two reasons. In the first place, he received permission from the Tobin Mercantile Company to trade the mule,

and in the second place, the title to that mule is not involved in this suit. The title to the mule which Hooks traded to Brunson alone is involved in this lawsuit.

As between the Tobin Mercantile Company and Brunson, the agreement that the mule traded for should be substituted for the one already included in the mortgage was a valid and binding contract.

In *Howell* v. *Walker*, 111 Ark. 362, it was held that an agreement for substitution in a chattel mortgage is valid in equity between the parties, under the maxim that equity treats that as done which the parties intended to be done.

Hooks was not a party to this agreement, and it had no effect whatever on his rights in the premises. He had title to the mule he traded to Brunson, and under numerous decisions of this court he had a right to retain the title to his own property until he was paid therefor.

The jury by its verdict found that Hooks retained the title to the mule he traded to Brunson until the $37.50 balance due on the purchase price was paid. When Brunson turned the mule over to the Tobin Mercantile Company in part payment of his mortgage indebtedness and failed to pay Hooks, as he had agreed to do, the latter had a right to replevin the mule. The Tobin Mercantile Company sold the mule to J. J. Whittington, who claimed the same at the time the present suit was instituted. Therefore it was not necessary for the plaintiff to make demand for the mule before bringing the suit. *Sibeck* v. *McTiernan*, 94 Ark. 1.

It follows that the judgment must be affirmed.