No. 25,065.

FRED HURD, as Receiver of THE OVERLAND MOTOR Co., *Appellee,* v. THE UNITED STATES FIDELITY AND GUARANTY COMPANY, *Appellant.*

### SYLLABUS BY THE COURT.

1. REPLEVIN—*Replevin Bond—Judgment for Plaintiff—Liability of Surety on Replevin Bond.* The plaintiff in a replevin action obtained possession of the property in controversy on giving the statutory bond. The action was duly prosecuted, and the court adjudged that at commencement of the action plaintiff was entitled to possession. *Held,* the adjudication bound the defendant both as to the plaintiff and the surety on the bond, and precluded liability of the surety to the defendant for return of the property or its value, damages for taking and withholding, and costs.

2. SAME—*Judgment That Plaintiff Was Entitled to Possession of the Property Released the Surety from Further Liability.* After obtaining possession by means of the order of delivery, plaintiff became bankrupt, and the trustee in bankruptcy disposed of the property. Plaintiff's interest did not extend to the full value of the property, and judgment was rendered against him for the surplus. *Held,* the bond did not require plaintiff to account for the surplus, the surety on the bond was not in privity with plaintiff in respect to that part of the judgment, and the amount of the judgment may not be recovered from the surety in an action on the bond.

Appeal from Cowley district court; OLIVER P. FULLER, judge. Opinion filed July 5, 1924. Reversed.

*James A. McDermott,* of Winfield, for the appellant.
*C. T. Atkinson,* and *Tom Pringle,* both of Arkansas City, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one to recover against a surety on a replevin bond. Plaintiff prevailed, and defendant appeals.

The purpose of the replevin action was to obtain possession of a large number of automobile tires. The petition was in the ordinary form, and the answer was a general denial. The bond sued on was given, an order of delivery was duly issued, and the tires were delivered to plaintiff. At the commencement of the trial the following admission was made:

"It is admitted in open court by the parties hereto that the property in controversy was taken by the plaintiff; that the plaintiff went into bankruptcy, and that the trustee has been impleaded in this case, and that the original plaintiff and the trustee in bankruptcy have sold said tires and other property in controversy in this action; and that no part of the same can be returned to the defendant; . . ."

The verdict and judgment follow:

"We, the jury empaneled and sworn in the above-entitled case, do upon our oath find for the plaintiff; that it was entitled to the possession of the property in controversy at the time of the commencement of this action; and further find the value of the plaintiff's interest therein was at said date $693.08; and that the total value of said property at said date was $2,500."

"It is therefore considered, ordered and adjudged by the court that the plaintiff at the commencement of this suit was entitled to the possession of the property, as far as its interest was concerned in the sum of $693.08, and the costs of this action; and that the defendant, Fred Hurd, receiver, is entitled to the remaining value of the property in the sum of $1,806.92 against the plaintiff herein and the trustee in bankruptcy.

"And it is further considered, ordered and adjudged by the court that the said Fred Hurd, receiver, have and recover of and from the plaintiff in this action and the trustee in bankruptcy the sum of $1,806.92, and that the same draw interest at the rate of six per cent per annum from the date of the commencement of this action, April 8, 1918."

The statute prescribing the judgment which may be rendered in a replevin action follows:

"In an action to recover the possession of personal property, judgment for the plaintiff may be for the possession or for the recovery of possession, or the value thereof in case a delivery cannot be had, and for damages for the detention. If the property has been delivered to the plaintiff, and the defendant claim a return thereof, judgment for the defendant may be for a return of the property, or the value thereof in case a return cannot be had, and damages for taking and withholding the same." (R. S. 60-1010.)

The conditions of the bond were those prescribed by the following statute:

"The order shall not be issued by the clerk until there has been executed and filed in his office, by one or more sufficient sureties of the plaintiff, to be approved by the clerk, an undertaking in not less than double the value of the property as stated in the affidavit, to the effect that the plaintiff shall

duly prosecute the action, and pay all costs and damages which may be awarded against him, and if the property be delivered to him, that he will return the same to the defendant if a return thereof be adjudged." (R. S. 60-1003.)

The prayer of the petition in the suit on the bond was for $1,-806.92, with interest.

The court has declared in numerous cases that the action of replevin is possessory, and the gist of the action is wrongful detention of the property in controversy by the defendant as against the plaintiff. The statutory provisions relating to the replevin bond and to the judgment in replevin must be interpreted according to these fundamental concepts.

Execution of an order of delivery, whereby plaintiff may obtain possession before wrongfulness of defendant's possession is adjudicated, is conditioned on plaintiff giving a bond. Leaving due prosecution of the action at one side, the purpose of the bond is to secure defendant against loss in case his possession at commencement of the action was not wrongful. He is made whole by return of the property or its value, by damages for taking and withholding, and by reimbursement for costs. If defendant's possession at the time suit was commenced was wrongful, he can have no claim to return of the property or its value, or to damages, or to costs. Execution of an order of delivery is justified, and there can be no liability on the bond.

The statute does not make it a condition of the bond that, after plaintiff has acquired rightful possession by means of an order of delivery, he shall duly account for the property, or for any portion of the property, not necessary to satisfy his claim. The bond sued on contains no such condition; and when the court finally adjudicated that plaintiff in the replevin suit was entitled to possession at the commencement of the action, the purpose of the bond was fulfilled, and it became *functus officio*.

The fact that the judgment recited plaintiff was entitled to possession "as far as its interest was concerned" is of no consequence. Plaintiff was entitled to possession of the entire lot of tires to protect each dollar of its claim.

The fact that the court, with the consent of parties, went beyond the issue in replevin, and determined liability of plaintiff to account for the value of the property above its claim, is of no consequence. The court had jurisdiction of the subject matter, the

parties submitted to the jurisdiction, and the adjudication bound plaintiff. The surety's privity with plaintiff did not extend, however, to the subject of conversion by plaintiff after gaining rightful possession. Privity extended no further than to determination of the issue in replevin: Was plaintiff, or was defendant, entitled to possession of the tires at the time the action was commenced? If that issue had been determined in defendant's favor, the surety would have been bound. Since the judgment upon that issue was for plaintiff, defendant is bound, both as regards plaintiff and the surety.

The case of *Grocer Co. v. McClain,* 109 Kan. 20, 64 Pac. 1029, cited by plaintiff, has no application, because in that case the defendant in replevin was entitled to possession of goods which plaintiff obtained on an order of delivery, and then converted.

In this instance the bonding company has been guilty of no wrong, and has not been privy to the doing of any wrong. It undertook to make the defendant in the replevin action whole, if it were adjudged that defendant's possession at the time the action was commenced was not wrongful. The court adjudged that defendant's position was wrongful, and the company rests under no liability on its bond.

The judgment of the district court is reversed, and the cause is remanded with direction to enter judgment for defendant.