## McHANEY v. BROWN.

Opinion delivered February 2, 1931.

204

*Coulter & Coulter,* for appellant.

*J. S. Brooks* and *L. H. Southmayd,* for appellee.

HART, C. J., (after stating the facts). It is earnestly insisted that the redelivery bond was not in the form prescribed by the statute and that therefore no summary judgment could be rendered against the sureties on it. Reliance is placed upon the case of *Martin* v. *Tennison,* 56 Ark. 291, 19 S. W. 922. In that case, the defendant in an attachment suit executed a bond with T. J. Martin as surety, conditioned that the surety would satisfy the judgment of the circuit court to the extent of the value of the cotton involved in the case.

The court held that it was not conditioned to perform the judgment appealed from, as required by statute; and, because it did not conform to the requirements of the statute, it could not be enforced in the manner provided for summary judgments in such cases. We do not think the principle announced in that case applies here. In this case, the delivery bond provided that the defendant, M. L. Simmons, shall perform the judgment of the court in the case. It was executed in conformity with § 8649 of Crawford & Moses' Digest, which provides that the defendant may cause a bond to be executed to the plaintiff by one or more sureties in double the value of the property to the effect that the defendant shall perform the judgment of the court in the action. Thus, it will be seen that the bond was executed in exact conformity with the language of the statute, and it is in all essential respects a statutory bond for the redelivery of the property to the defendant in the replevin suit. The statute does not require any set form of words for the redelivery bond, and all that is necessary is that it shall in all essential respects comply with the terms of the statute which authorizes its execution. *O'Brien* v. *Alford,* 114 Ark. 257, 169 S. W. 774.

The statute requires the bond to be executed in double the value of the property, and it is insisted that this provision of the statute was not complied with, because the complaint and affidavit in the replevin suit allege the value of the drilling rig to be $3,000, the bond was only executed for that sum instead of in double the value of the property. The amount required by the statute to be named in the bond is not one of the terms or conditions to be performed by those signing the bond. It is written in the bond merely for the purpose of limiting the amount for which they are liable. If an amount greater than that provided by the statute had been written in the bond, it might be well said that different terms or conditions than those prescribed by the statute had been inserted in the bond, and that this rendered it in-

effectual as a statutory bond upon which summary judgment might be rendered. Such, however, is not the case where a smaller amount is named in the bond. As we have already seen, the statute provides that the bond shall be conditioned that the defendant shall perform the judgment of the court in the action. Thus, it will be seen that a redelivery bond in a replevin suit is not in the strict sense a substitute for the property released in pursuance thereof, nor has the surety on the redelivery bond the option to return the property. The condition of the bond is that the surety shall perform the judgment of the court in the action. It will be readily seen that in many cases the property, as in the case of automobiles, might be rendered valueless or at least materially diminished in value by the constant use of it from the time of the execution of the redelivery bond until the trial of the case. We think that the conditions of the redelivery bond in the present case in all essential respects complied with the statute, and that it was a statutory bond upon which summary judgment might be rendered against the sureties on the bond.

Again, it is insisted that the summary judgment should not have been rendered because one of the sureties testified that, soon after the redelivery bond was executed, the sureties offered to return the drilling rig to the plaintiff, and that the latter told them to let the drilling rig remain on the lease where it was because he was on a deal to sell or lease it to the defendant Simmons there. This, they contend, was a virtual acceptance of the return of the property to the plaintiff Brown. This testimony was not competent in the present suit. The original foreclosure decree in which Brown and Simmons were parties and which was rendered after the execution of the redelivery bond contains an express finding by the chancery court that the return of the rig by the defendant Simmons was not a legal and sufficient tender. A decree was entered of record in accordance with the finding of the chancellor. The most that could

be said of the decree in this respect is that it was erroneous. No appeal was perfected from this decree, and it is conclusive of the rights of the parties on the return of the drilling rig. This question could not thereafter be litigated in the motion for a summary judgment against the sureties on the redelivery bond.

Again, it is contended that the court erred in fixing the relative amounts to be allowed to the plaintiff Brown and J. S. Brooks, his attorney. We need not consider this question. Both Brown and Brooks are parties to this proceeding, and neither of them have appealed from the decree of the chancery court. Thus it will be seen that appellants are protected from any further litigation in the matter by satisfying the decree of the chancery court in this proceeding.

Therefore, the decree will be affirmed.