## GENERAL ELECTRIC CREDIT CORP. v. BANKERS COMMERCIAL CORP.

5-5309                                          458 S. W. 2d 143

Opinion delivered October 5, 1970

*Wootton, Land & Matthews,* for appellant.

*Anderson & Anderson,* for appellee.

CONLEY BYRD, Justice. General Electric Credit Corporation appeals from a judgment against it and its surety upon a replevin bond in favor of appellee-intervenor Bankers Commercial Corporation. For reversal appellant contends that it was not a party to any action pending in the circuit court at the time judgment was rendered against it and that appellee was not withheld from possession and had no cause of action against appellant. In the alternative appellant argues that damages if any should have been determined following a sale of the dragline involved and not based upon estimated value.

The record shows that General Electric Credit Corp. filed a replevin action against J. T. Arnold, III, to recover a dragline pursuant to a security agreement allegedly held by appellant. Arnold answered admitting that he had purchased a dragline from Southland Tractors, Inc., but stated that both appellant and appellee were claiming a lien on the dragline through Southland and that he was willing to pay the party entitled to receive payment. Appellee Bankers did not elect to proceed to recover the dragline pursuant to Ark. Stat. Ann. § 34-2111 (Repl. 1962), but instead filed an intervention in which it alleged that GECC's security agreement was a forgery and asked that the security agreement executed in favor of Bankers be declared a lien on the dragline held by Arnold. The intervention also asked for foreclosure and sale of the dragline as against Arnold.

Pursuant to a trial on March 20, 1967, the trial court held that GECC's claim was void as alleged by Bankers. In addition the trial court gave Bankers judgment against Arnold for $28,048.65 with interest and

foreclosed Bankers' lien on the dragline by ordering a public sale. Upon appeal to this court we affirmed the trial court's action with respect to GECC, *General Electric Credit Corp.* v. *Bankers Commercial Corp.*, 244 Ark. 984, 429 S. W. 2d 60 (1968), but on Arnold's cross appeal we reversed the judgment in favor of Bankers in this language:

> "On cross appeal Arnold is entitled to relief. Both GECC and Bankers sought to accelerate the maturity of their total claims, but their failure to reserve that power in the contracts precluded them from exercising it. *Farnsworth* v. *Hoover*, 66 Ark. 367, 50 S. W. 865 (1899). At best Bankers may be entitled to damages resulting from Arnold's failure to make his payments when due—the measure of such damages presumably being interest at the legal rate and certainly not being the rents to accrue during the remaining life of the lease."

Upon receipt of the mandate GECC tendered redelivery of the dragline to Arnold and filed motions to discharge the supersedeas and replevin bonds, to which both Arnold and Bankers filed a response. Thereafter, on February 5, 1969, the trial court entered an order of dismissal with prejudice as to Arnold. On February 28, 1969, Bankers filed an amendment to its original intervention claiming for the first time that possession of the equipment had been removed from intervenor and that intervenor was entitled to recover damages in the amount of $21,998.65 plus interest. The trial court overruled GECC's motion to dismiss the amendment because no action was then pending against GECC and awarded judgment upon the proof submitted against GECC in the amount of $18,750.00. In addition possession of the dragline was awarded to Bankers to be disposed of under the provisions of the Uniform Commercial Code.

We agree with appellant GECC that at the time the amendment to the intervention was filed there was no cause of action pending against it in the circuit court of Phillips County. Consequently it follows that

Bankers could not proceed against GECC without issuance of service of process.

It must be remembered that an action in replevin is a special proceeding for the possession of property only. *Hurd* v. *Fidelity & Guaranty Co.,* 116 Kan. 453, 227 P. 337 (1924). Our cases point out that damages for detention are but an incident to the right of return and that there cannot be a judgment for damages where there can be none for return, *Neis* v. *Gillen,* 27 Ark. 184 (1871). Furthermore the cases point out that the sureties on a replevin bond can discharge their liability by returning the property to the person who was dispossessed, *Carroll* v. *Swicord,* 177 Ark. 1193, 9 S. W. 2d 783 (1928).

Thus, as we read the record, including Bankers' intervention and our former decision, Bankers was not entitled to return of the dragline at the time settlement was made by GECC with Arnold. Since Bankers had received all the relief it had requested both in the trial court and this court, the consent order dismissing with prejudice all of Arnold's claims against GECC completely terminated the replevin action and discharged the court's jurisdiction over GECC. It follows that the trial court should have dismissed Bankers' amendment to the intervention for lack of jurisdiction over the parties.

Reversed.