MACK TRUCKS OF ARKANSAS, INC. *v.*
WALTER YARBROUGH, ET AL

5-5712                                          473 S.W. 2d 889

Opinion delivered December 13, 1971

*H. Derrell Dickens,* for appellant.

*Spencer & Spencer,* for appellees.

FRANK HOLT, Justice. The appellant instituted a replevin action to recover possession of a truck it had sold to appellee Walter Yarbrough who was in default on his payments. The appellant also sought judgment against him for the unpaid balance. A replevin bond was made by appellant in compliance with Ark. Stat. Ann. § 34-2105 (Repl. 1962). Appellee Yarbrough thereupon filed a redelivery bond for the purpose of retaining possession of the truck. Section 34-2109. However, the sheriff delayed redelivery of the truck to the appellee because he and the appellant were concerned as to the signatures of the sureties on appellee's redelivery bond, as well as the sufficiency of the sureties with respect to the amount of the bond. Because of the delay and the refusal to redeliver the truck to Yarbrough, he filed a motion for a temporary restraining order to prohibit the sheriff from delivering the truck to anyone and, upon a hearing, that the sheriff be required to redeliver the truck to him. After a hearing, the court ordered that the sheriff should retain possession of the truck until he determined if the sureties signed the bond and were sufficient. The court further ordered that in the event the sheriff was dissatisfied with respect to either contingency he should forthwith deliver the truck to the appellant; however, if the sheriff was convinced the signatures were proper and the security bond was sufficient, the sheriff was ordered to retain possession of the truck subject to the court's further orders. On the same date of the hearing the sheriff made his investigation and notified the appellant and Yarbrough that the redelivery bond met with his approval.

About three weeks after the court's order denying redelivery to Yarbrough, he filed an answer and counterclaim to appellant's complaint and replevin action in which he alleged, *inter alia,* that he "is entitled to immediate possession of said truck as of the 19th day of September 1970 by virtue of a bond for redelivery filed with the sheriff" and "due to the fault of [appellant],

said property has not been delivered to [appellee]." He also alleged that he was entitled to damages for being deprived of the use of the truck. Yarbrough renewed his request that he have immediate redelivery of the truck. The appellant, a few days later, filed its answer denying Yarbrough's allegations and asked that his counterclaim be denied and that it should have "the relief prayed for in its original complaint," which included the replevin action. About two months later the truck was substantially damaged by fire while it was in the sheriff's possession pursuant to the original order of the court. Thereafter, following a trial on the merits of the issues, the court rendered judgment against appellee Yarbrough on the stipulated balance due on the indebtedness, plus interest and attorney's fees, and ordered the truck delivered to the appellant and that it be sold and the proceeds applied to the judgment. The court held that the sureties on Yarbrough's redelivery bond were not liable and discharged them.

The only issue on appeal relates to the liability of Yarbrough's sureties to appellant. Appellant asserts that the sureties on the redelivery bond should not be released merely because Yarbrough failed to regain possession of the truck; furthermore, the redelivery bond deprived appellant of repossession of the truck to which appellant was admittedly entitled; and that the court erred in holding that the sureties on the redelivery bond were not liable to appellant. In our view the trial court was correct in not imposing any liability upon these sureties.

The redelivery bond, entitled "Bond To Retain Property," signed by the sureties, provided that "the defendant [appellee] in this cause, Walter Yarbrough, shall perform the judgment of the court in the above styled cause." This is in accordance with the provisions of Ark. Stat. Ann. § 34-2105. The court found: "That such judgment should not be entered against these sureties for the simple reason that the redelivery bond did not effect the delivery. The sheriff did not give the truck to the defendant [appellee Yarbrough] and by court order has kept the truck himself." In *General Elec. Credit Corp.* v. *Bankers*

*Comm. Corp.,* 249 Ark. 106, 458 S. W. 2d 143 (1970) we said:

> "It must be remembered that an action in replevin is a special proceeding for the possession of property only, * * *. Our cases point out that damages for detention are but an incident to the right of return and that there cannot be a judgment for damages where there can be none for return. * * * Furthermore the cases point out that the sureties on a replevin bond can discharge their liability by returning the property *to the person who was dispossessed."*

Ark. Stat. Ann. § 34-2109 provides that upon the execution of a redelivery bond, which was found acceptable by the sheriff in this case, "the sheriff shall restore the property to the defendant [appellee Yarbrough]." Here there was noncompliance with this statutory requirement.

In the case at bar the appellant caused possession of the truck to be removed from Yarbrough by a proper replevin bond. Yarbrough attempted to regain possession by a redelivery bond. Upon denial, he renewed his request in another pleading. In both instances it appears that the appellant resisted his efforts. Thereafter, in holding Yarbrough liable to appellant for the unpaid balance on the damaged truck and that appellant couldn't hold Yarbrough's sureties liable, the court said: "So far as I can see it treats both of you exactly fair, it puts both of you in the same position. * * * As it turns out now, it perhaps would have been better for plaintiff [appellant] if the plaintiff had let defendant [appellee Yarbrough] take that truck under the redelivery bond and could now have judgment against the sureties, but at the same time he [appellant] didn't want to do that."

It follows that since the sheriff had possession of the truck and never restored it to appellee Yarbrough, from whom he took possession at the instance of appellant, the trial court was correct in discharging the sureties from any liability in the case at bar.

Affirmed.

HARRIS, C. J., and FOGLEMAN and JONES, JJ., dissent.

JOHN A. FOGLEMAN, Justice, dissenting. I respectfully dissent. In order to better demonstrate the reasons for my disagreement with the majority, it will be necessary that I first elaborate on the facts in the case.

The return of the sheriff on the original writ showed that Walter Yarbrough refused to deliver possession of the truck or to disclose its location, even though it was admitted when the case came on for trial that he was in substantial and material default on his enforceable security agreement with appellant. Only when a second order for delivery directed the arrest of this defendant and a codefendant, if the truck was removed or concealed, was the sheriff able to obtain possession. He then stored the truck at Southern Transport Company on September 18, 1970, apparently to afford Walter Yarbrough opportunity to make a bond and retain possession of the truck pursuant to Ark. Stat. Ann. § 34-2108 (Repl. 1962). The bond required by Ark. Stat. Ann. § 34-2109 (Repl. 1962) was dated September 17, 1970, the date the second order of delivery was issued. The sureties' joint and several affidavit of justification was signed on September 19, the date Walter Yarbrough later alleged that the bond was filed. The record is not clear as to the date this bond was tendered to the sheriff.

The reasons for delay in release of the truck do not appear in the record except by inferences reasonably drawn from the court's order on Walter Yarbrough's motion. On September 22 Walter Yarbrough filed a motion in which he asked that the sheriff be enjoined and restrained from delivering the truck to appellant or *any other person* and asking that the sheriff be required to show cause why delivery to Walter Yarbrough not be ordered. Under Ark. Stat. Ann. § 34-2109, the sheriff, upon finding the bond sufficient, would have been required to restore the truck to Walter Yarbrough or to the person in whose possession he found it, except for the court's

order granting the exact relief sought by Walter Yarbrough.

Thus, it seems to me that the result reached is wholly unjust. There can be no doubt that possession of the truck was withheld from appellant, solely because of a sufficient redelivery bond signed by the sureties now before the court. Yet the result reached by the majority puts appellant in exactly the same position it would have been had it successfully obtained possession of the truck and had it been damaged before sale by reason of appellant's own negligence. It is in the same position it would have been had the fire damage occurred during the statutory two-day period allowed for tendering a redelivery bond. And it is left in this situation in spite of the fact that the tender of a bond with sureties found sufficient was the sole reason it was prevented from taking possession. After the bond was found sufficient, there was nothing appellant could have possibly done to have obtained possession. It was the helpless victim of Walter Yarbrough's actions, put in its status by the action of the sureties in tendering the bond. There was nothing it could do to alter the situation. Yet, the parties who kept it out of possession of the property are held to be without liability. If Walter Yarbrough did not avail himself of the opportunity to keep the truck afforded by these sureties, it was in no event the fault of appellant. Even if the temporary restraining order is considered as a barrier, this order was entered upon the request of Walter Yarbrough, based upon the bond in question, and granted the relief he sought. Timely notice of the approval of the bond was given to him by the sheriff.

We have held that one who keeps a plaintiff in replevin from obtaining possession of personal property by tendering a cross bond to retain possession is estopped from denying that he was in possession of the property at the time of the filing of the action. *Hester* v. *Finigan,* 223 Ark. 927, 269 S. W. 2d 698; *Sibeck* v. *McTiernan,* 94 Ark. 1, 125 S. W. 136; *Strahorn-Hutton-Evans Commission Co.* v. *Heffner,* 74 Ark. 340, 85 S. W. 784. Judgment against a surety on a bond to retain possession has been affirmed on the basis of this estoppel, even though the

replevin defendant did not have possession of the property at the time the action was filed. *Sibeck v. McTiernan*, supra. The reason for the application of the estoppel doctrine can only be based upon the fact that the plaintiff is wrongfully kept from obtaining possession of the property by filing the bond. There is no recital in this bond as to who was then in possession of the property. There would not have been any restraining order had the bond not been tendered, and there would have been no question but that the property would have been delivered to the plaintiff. Ark. Stat. Ann. § 34-2109. Therefore, the same reasoning should operate to estop both Walter Yarbrough and his sureties from contending that possession was not in him. Nothing whatever appears as any impediment to his obtaining removal of any barrier to his possession by the temporary restraining order which he sought and obtained.

The effort of the appellees to equate the redelivery bond with a plaintiff's replevin bond should certainly fail. Two entirely different situations exist. The plaintiff's bond is executed so that one who claims the right of immediate possession may, before trial, take property from one who has the property or conceals it. Ark. Stat. Ann. §§ 34-2101, 2104, 2105, 2112 (Repl. 1962). It is conditioned upon prosecution of the action and return of the property if that be adjudged against the plaintiff in the action. The sureties may discharge their liability by returning the property to the person dispossessed. *General Electric Credit Corp. v. Bankers Commercial Corp.*, 249 Ark. 106, 458 S. W. 2d 143. The redelivery bond has a twofold purpose. Keeping a plaintiff from obtaining possession is as much a purpose of the bond as enabling a defendant to retain it. Ark. Stat. Ann. § 34-2109. But the surety cannot discharge his liability by a return of the property. In *McHaney v. Brown*, 183 Ark. 201, 35 S. W. 2d 594, we said:

> As we have already seen, the statute provides that the bond shall be conditioned that the defendant shall perform the judgment of the court in the action. Thus it will be seen that a redelivery bond in a replevin suit is not in the strict sense a substitute

for the property released in pursuance thereof, nor has the surety on the redelivery bond the option to return the property. The condition of the bond is that the surety shall perform the judgment of the court in the action. It will be readily seen that in many cases the property, as in the case of automobiles, might be rendered valueless or at least materially diminished in value by the constant use of it from the time of the execution of the redelivery bond until the trial of the case.

The injustice of denying recovery to appellant, who was admittedly entitled to immediate possession of the property involved, from those whose actions kept it out of possession and without recourse seems so obvious to me that any argument to the contrary should be wholly foreclosed. Needlessly, I add that I would reverse the judgment.

I am authorized to state that Chief Justice Harris and Mr. Justice Jones join in this dissent.